**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Thomas McUIN and Patrick O. Chatman,**
**Defendants-Appellants.**

Nos. 38857, 38876.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Bussey, Collier & Dorsey, P.C., Hugh J. White, St. Louis, for defendants-appellants.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendants, Patrick O. Chatman and Thomas McUin, jointly appeal from a judgment entered by the circuit court upon a jury verdict finding each of them guilty of kidnapping on two separate counts, § 559.-230, RSMo1969. Pursuant to the verdict

---

returned by the jury, the trial court sentenced each defendant to two years imprisonment on each count, said sentences to run concurrently for an aggregate of two years for each defendant.

For reversal of the judgment defendants urged that the trial court erred by permitting a witness whose name appeared on the indictment but who failed to testify in the state's case in chief, to testify as a rebuttal witness. For the reasons hereinafter given, we disagree and therefore affirm the judgment as to each defendant.

From the evidence presented, the jury could have reasonably found that defendants accosted Jeanette and Gwendolyn Sutherlie and Kenneth Taylor on a public street. When the defendants alighted from their automobile, they identified themselves as police officers. When Taylor requested some identification, McUin the driver struck him and Taylor fled. As Jeanette attempted to flee, Chatman caught her by the arm. McUin then grabbed, struck, and forced Jeanette into the back seat of the automobile on the driver's side. Chatman grabbed and placed Gwendolyn in the back seat of the automobile. Gwendolyn sat in the middle with Chatman to her right by the door. Defendants drove off with the girls in the car. Upon seeing a relative near a pool room, Jeanette rolled down her window, attempted to holler, broke loose from Chatman, and jumped out of the automobile. Immediately thereafter the car came into collision with several other automobiles; McUin and Chatman jumped out of the automobile and fled. At trial both were identified as the abductors.

At the close of defendants' case, the state announced that Kenneth Taylor, the endorsed witness, was now present and that the state would like him to testify. After a discussion out of the hearing of the jury, the trial court refused to permit the witness to give evidence that should have been presented in the state's case in chief. Yet, the court, recognizing that defendants had testified that Taylor and the girls were seeking to purchase some marijuana and had given that as the reason the two girls

were in the car, did permit Taylor to testify as a rebuttal witness to contradict the defendants' testimony in that regard.

■ The state is neither obliged to call all the witnesses endorsed on an information or indictment, *State v. Jones,* 456 S.W.2d 7, 8 (Mo.1970); *State v. McClain,* 531 S.W.2d 40, 45 (Mo.App.1975), nor obliged to endorse rebuttal witnesses on its information or indictments. *State v. Washington,* 383 S.W.2d 518, 524 (Mo.1964) and *State v. Malone,* 301 S.W.2d 750, 758 (Mo. 1957).

■ Here the record shows that Taylor's testimony was limited, and was so limited by the court, to rebuttal of the defendants' evidence. Consequently, we find no error and hold the defendants' point to be of no merit.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.