STATE of Missouri,
Plaintiff-Respondent,

v.

Wally INGRAM, Defendant-Appellant.

No. 11831.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 1980.

John D. Ashcroft, Atty. Gen., Mark W. Comley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Albert Crump, Jr., Rolla, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of selling marijuana and sentenced to 5 years imprisonment. He contends that the trial court erred in refusing to submit to the jury an instruction on "delivery or distribution" of marijuana because it is a lesser included offense of selling marijuana.

The state's evidence of the sale was from an "undercover" highway patrolman who testified that he purchased marijuana from defendant in a bar in Rolla, Missouri. Defendant denied the sale and said he was not in Rolla at the time the trooper says the sale occurred.

Whether the refused instruction submitted a lesser included offense [See *State v. Bethel*, 569 S.W.2d 270, 272 (Mo. App.1978)], we do not decide as it is not required that a lesser included offense be submitted unless there is a basis in the evidence to acquit the defendant of the charge against him and to convict him of the included offense. § 556.046.2, RSMo 1978; *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App.1980). Where the defendant's evidence was that no crime had occurred, that he was not present at the time and place of its alleged commission, and there was no evidence in the state's case that defendant merely had possession of marijuana, *State v. Arnall*, 603 S.W.2d 111, 112 (Mo.App. 1980), held that there was no error in failing to instruct on possession as a lesser included offense of sale. We think the rationale of that holding is applicable here. If defendant was guilty of any crime under the evidence, it was of selling marijuana, and there was no evidence to support an instruction and conviction of any lesser included offense.

The judgment is affirmed.

All concur.