STATE of Missouri, Respondent,

v.

Wilfred JONES, Appellant.

No. 41189.

Missouri Court of Appeals, Eastern District, Division Four.

April 7, 1981.

Peter Wunderlich, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction of manslaughter by a jury and resultant ten-year sentence by the Court. We affirm.

The evidence warranted a finding that defendant and two other persons forced their way into a home on Belt Avenue in St. Louis at gunpoint and shot to death Arthur Jones as he came down the steps from the second floor in response to the invaders' request that two other persons come downstairs. At trial defendant attempted to attack eyewitness identification of himself as one of the killers. Those eyewitness identi-

fications formed the basis for the conviction.

On appeal defendant raises three points. The first is that the court erred in refusing to permit the testimony of an alibi witness because defendant had failed to comply with the prosecution request for discovery. Rules 25.05 and 25.08 (formerly 25.34 and 25.37). No question exists that the prosecution properly requested discovery of an alibi defense and that no written response to this request was ever made. Defense counsel did advise the prosecutor by telephone at 4:30 p. m. on the day before Thanksgiving of the name of the alibi witness, an Illinois resident. Trial commenced the following Monday. The prosecutor had been unable to locate the witness and it is not clear from the record that the witness was available in fact to the defendant.[1] Rule 25.16 (formerly 25.45) authorizes the trial court to exclude evidence which has not been properly disclosed pursuant to a request for discovery. *State v. Inscore*, 592 S.W.2d 809 (Mo. banc 1980). The sanction to be imposed is within the discretion of the trial court and we find no abuse of that discretion here.

Defendant's next two points relate to the court's action in regard to a juror. It came to the court's attention that one juror had touched the hand of the defendant's mother during one of the recesses. The touching was described as a sympathetic one and there is no indication the defendant's mother said anything to the juror. At the prosecution's request the court called the allegedly offending juror into chambers. The juror denied that she had had any contact with defendant's mother and advised that another juror had patted the mother's hand because she (the juror) was also a mother and felt sympathetic to her. The court concluded that any questioning of the second juror would be more damaging than enlightening. Defendant did not request a mistrial, declined to question the court officer who reported the touching,

---

1. At the same time that the court refused to permit defendant to utilize the alibi witness it
also refused to permit the State to endorse additional witnesses.

never questioned the propriety of the touching, never asked for a hearing regarding either juror, and failed to raise the issue in the motion for new trial. We find no error in the court's handling of the matter, no prejudice of any kind to defendant, and no preservation of the matter for appeal. *State v. Eaton*, 504 S.W.2d 12 (Mo.1973) [19]; *State v. Bizzle*, 500 S.W.2d 259 (Mo. App.1973) [9]; *State v. Mullen*, 528 S.W.2d 517 (Mo.App.1975) [1–6].

On the morning after the discussion with the first juror that juror gave some indication to the court that she was not sure she could proceed because she was upset. A discussion with her following that indication was held in chambers with counsel, the court and the juror present. From that discussion it might be inferred that the juror was not able to exercise independent judgment in the upcoming deliberations. After the juror had left chambers, the trial court asked if defendant wanted a mistrial. The answer was negative. The court suggested the possibility of proceeding with eleven jurors. The defense declined. In fact the defense stated specifically, "I'll request that she be kept on." The matter was not raised in the motion for new trial. If any error existed it was of the defendant's making. He specifically indicated his desire that the juror remain and eschewed a mistrial. We will not hold the trial court in error under such circumstances. *State v. Bizzle, supra.* For the trial court to have declared a mistrial sua sponte, and over defendant's objection, would have created a substantial double jeopardy problem. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *State v. Thomas*, 526 S.W.2d 893 (Mo.App.1975) [10].

Judgment affirmed.

SATZ, P. J., and SIMON, J., concur.