STATE of Missouri,
Plaintiff-Respondent,

v.

Robert John BYRNES,
Defendant-Appellant.

No. 11986.

Missouri Court of Appeals,
Southern District,
Division Two.

June 1, 1981.

Motion for Rehearing or for Transfer to Supreme Court Denied June 25, 1981.

Application to Transfer Denied
Sept. 8, 1981.

John D. Ashcroft, Atty. Gen., Brian P. Seltzer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Louis J. Nolan, Johnson & Sweeney, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

A jury found defendant guilty of first degree robbery, § 569.020, RSMo 1978, and assessed his punishment at 20 years imprisonment. The trial judge, after a sentencing hearing, sentenced him to 25 years imprisonment as a "persistent offender". §§ 557.036, 558.016, RSMo 1978.

Defendant's first point contends that the trial court erred in allowing the state to amend the information to charge him with being a persistent offender because § 558.016, RSMo 1978, "does not provide for such a charge in connection with a class 'A' felony." He contends that the amendment to this section, Laws of Missouri, 1980, p. 495, effective August 13, 1980, does not apply because the offense occurred before its effective date. However, the result is the same whether or not that amendment applies. Even before the amendment the trial judge could impose upon a persistent offender who "has been found guilty of a class A felony, . . . any sentence authorized for a class A felony." § 557.036–3(2)(b), RSMo 1978. We do not find §§ 557.036 and 558.016 to be in conflict as defendant contends. Section 558.016 does not prohibit the trial judge from sentencing a defendant found guilty of a class A felony as a persistent offender but, before amended, referred only to the sentencing of class B, C or D felonies. Under § 557.036–3(2)(b) there is authorization for a judge to sentence a defendant found guilty of a class A felony who is a persistent or dangerous offender. *State v. Manis*, 614 S.W.2d 771, 772 (Mo. App.1981). Point one is denied.

Defendant's second point contends that the trial court erred in allowing the state to amend the information after the jury returned its verdict. The state received permission to change the dates of two prior convictions referred to in the per-

sistent offender allegations of the information. Defendant contends that under Rule 23.08, V.A.M.R., the information may only be amended "before verdict". The allegations amended here do not pertain to a jury issue but only to the judge's finding as to whether defendant was a persistent offender. Rule 23.08 provides for amendment "before verdict or finding" and this district has recently ruled in an almost identical situation that such an amendment was proper. *State v. Leake*, 608 S.W.2d 564, 565 (Mo.App.1980). Point two is denied.

■ Point three contends that the trial court erred in admitting into evidence at the sentencing hearing, certain records purporting to be from a District Court in Texas, showing a prior felony conviction of defendant. Defendant claims that these records were not properly certified under § 490.130, RSMo 1978, because the "record must bear the seal, if there is one, of the Court as placed there by the clerk of that court." The exhibit questioned contains, on an attached sheet certifying the correctness of the documents, two imprints said to be the seal of the "District Court of Travis County, Texas." Above the first signature of the clerk he states that he "affixed the seal of said Court" and below that the judge of that court certified that the signature above his was that of the clerk of the court. Below the judge's signature the clerk certified that the signature was that of the judge of that court and again stated that he has affixed the seal of the court. We do not believe that the record itself must bear the seal, as defendant is apparently arguing, as the statute only requires that the seal be "annexed" and the procedure followed here appears to be in compliance with the statute. Point three is denied.

■ Defendant's fourth point contends that the trial court erred in admitting into evidence ninety-nine dollars in currency taken from defendant when he was arrested approximately one hour after the robbery. He contends that this evidence "was non-probative, prejudicial and of an inflammatory nature which neither tended to prove or disprove a disputed fact in issue." A witness for the state estimated that during the robbery between one hundred seventy-five dollars and two hundred twenty-five dollars was removed from a cash register, including a fifty-dollar bill. The money taken from defendant consisted of one fifty-dollar bill, two ten-dollar bills, one five-dollar bill, and twenty-four one-dollar bills. No objection was made to the introduction of this currency on the basis now contended, and therefore there is nothing for us to review. Specific objections to evidence are required and a point raised upon appeal must be based on the theory of the objection made at trial. *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974). Nevertheless, we note that the evidence was admissible. *State v. Gyngard*, 333 S.W.2d 73, 79 (Mo. 1960). Point four is denied.

■ Defendant's fifth and final point contends that the trial court erred in not submitting an instruction he tendered submitting second degree robbery. He contends that there was evidence to support a conviction of second degree robbery because the store clerk he was charged with robbing thought that he was using a "toy" gun. This contention ignores the undisputed evidence that two men committed the robbery and both used guns in a threatening manner; the clerk thinking that only one of the guns was a toy. Even if defendant did not have a deadly weapon or what appeared to be a deadly weapon, if his companion did, he was equally guilty of robbery in the first degree. *State v. Booker*, 454 S.W.2d 927, 929-930 (Mo.1970). All the evidence indicated that there was at least one gun which appeared to be a deadly weapon and there was no evidence contrary. It is not required that a lesser included offense be submitted to the jury unless there is a basis in the evidence to acquit defendant of the charge against him and to convict him of the included offense. *State v. Ingram*, 610 S.W.2d 395, 396 (Mo.App.1980). If defendant was guilty of any crime under the evidence, it was of first degree robbery and thus there was no evidence to support an instruction of any lesser included offense.

*State v. Ingram*, supra, 610 S.W.2d at 396; *State v. Mays*, 598 S.W.2d 613, 616 (Mo.App. 1980); *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App.1980). Point five is denied.

The judgment is affirmed.

All concur.