STATE of Missouri, Respondent,

v.

Stevie W. HARRY, Appellant.

No. 43760.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 13, 1981.

Douglas M. Brooks, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Appeal from jury convictions on three counts of forgery, § 570.090, RSMo. 1978. Defendant was sentenced to two concurrent terms of sixty days in the custody of the St. Louis County Department of Justice Services on Counts I and II and a five year term in the Missouri Division of Corrections on Count III. We affirm.

The evidence favorable to the state shows that about ten o'clock in the morning on October 31, 1979, defendant drove into the drive-up window of a St. Louis County Bank in Clayton and cashed a forged check in the sum of $289.02.

The next morning, November 1, defendant returned to the drive-up window and cashed another forged check drawn on the same account in the amount of $356.06. Later that afternoon, defendant appeared at the walk-up window of St. Louis County Bank with a third forged check in the amount of $353.06. This teller became suspicious and took some time to examine the instrument, the signature and the account.

When the teller returned to the counter, defendant was gone.

Defendant denied presenting and cashing the forged checks, relying on an alibi defense. His cousin, Tommy Perry, testified that defendant spent all of October 31 drinking and driving around town with him. During this time, the two stopped by the Kirkwood School District offices to pick up defendant's final pay check. Defendant's girlfriend, Deborah Ann Williams, with whom defendant subsequently had a child, asserted that he had spent all of November 1 with her.

Defendant first argues that the trial court abused its discretion in excluding the testimony of Fred Hawkins, Comptroller of the Kirkwood School District, on the ground that Hawkins had not been endorsed as a witness as required by Rule 25.05. The state was not informed that defendant intended to call Hawkins until all other evidence had been produced at trial. In defendant's motion for new trial, he stated that Hawkins would confirm that defendant's last full pay check was ready for defendant to pick up on October 31 (the date of the cashing of the first forged check) and that the school district check was cashed. This motion was overruled.

■ Rule 25.16 allows the trial judge to exclude the testimony of a witness whose identity has not been properly divulged in accord with a request for discovery. *See, State v. Jones*, 614 S.W.2d 774, 775 (Mo. App.1981). It is beyond argument that the issue of means of redress lies within the legitimate discretion of the trial court. It will be an abuse of that discretion to order a sanction only where the failure to admit the testimony results in a fundamental unfairness to defendant. *See, State v. Royal*, 610 S.W.2d 946, 951 (Mo.banc 1981).

■ The sanction applied by the court was proper. No reasonable justification was given for not disclosing the name of the witness until the conclusion of all of the other evidence in the case. The proffered testimony was cumulative, and in no way showed that defendant could not have com-

mitted the crime on October 31 at the time in question.

 Defendant also maintains error in the trial court's refusal to declare a mistrial after the prosecutor commented during closing argument about a polygraph taken by defendant. The fact that such a test may have been given to defendant was unexpectedly brought to the attention of the jury by defendant's alibi witness, Tommy Perry, when cross-examined by the state. Testimony came into evidence as follows:

Q. Had you and Stevie talked about this incident since that day?

A. No, we just really—it didn't really come to a—he told me about it two weeks ago.

Q. What did he say to you at that time?

A. I think it is he was telling me about a polygraph test he had took.

Q. Did Stevie ask you to come here today, to testify?

A. He asked me he probably needed me. That is the only thing he told me. He didn't know for sure.

No objection to the polygraph reference was entered by defendant, at this or any later time during the trial.

In his final closing argument, the prosecutor stated:

... He tried to trick the police and our office. He is trying to trick you, now. When Tommy and Stevie talked about it again—Well, Stevie came to him after the polygraph and said—

MR. BROOKS: I object to the polygraph reference.

THE COURT: Objection sustained.

MR. BROOKS: I ask the jury to be asked to disregard it.

THE COURT: The jury will disregard it. Proceed.

 Defendant did not ask for a mistrial until the conclusion of the prosecutor's summation. The prosecutor's comment did not go beyond the statement made by Tommy Perry which was in evidence and to which no objection had been made. A defendant who does not object to evidence which would have been inadmissible thereby waives his objection and renders the evidence admissible. *State v. Rapheld*, 587 S.W.2d 881, 889 (Mo.App.1979). The trial court sustained defendant's objection to the prosecutor's comment and instructed the jury to disregard it. In doing so, the trial judge granted all the relief requested by defendant at that particular time. The declaration of a mistrial is an extreme remedy to be made use of only under special conditions. Whether or not the prosecutor's remarks were so prejudicial as to call for that drastic corrective measure is an appraisal to be made by the trial judge in the sound use of his discretion. There is nothing in the record to show that the utterances in question were so prejudicial as to require a mistrial. The trial court did not err. *State v. Hill*, 614 S.W.2d 744, 752 (Mo.App.1981).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.