STATE of Missouri, Respondent,

v.

Mark SMITH, Appellant.

No. WD 32391.

Missouri Court of Appeals, Western District.

Feb. 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1982.

Application to Transfer Denied May 17, 1982.

J. D. Williamson, Jr., Independence, for appellant.

John Ashcroft, Atty. Gen., Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Mark Smith was found guilty by a jury of robbery in the first degree, a Class A felony. Section 569.020, RSMo 1978. The jury assessed punishment at imprisonment for fourteen years, but the court, on a finding that Smith was a dangerous offender, increased the punishment to twenty years.

Smith contends error in sustaining an objection to a portion of his counsel's final argument; in admitting evidence of fingerprints; in failing to suppress in-court identification and in enhancing the punishment. Affirmed.

In the early morning hours of March 30, 1980, an armed robbery occurred at a U-Totem store in Kansas City. Shortly after the robbery a police officer observed Smith walking along a street in the vicinity of the store wearing clothing similar to that described as being worn by one of the robbers. Smith was arrested and later that morning was identified in a lineup by the store clerk as one of the two robbers.

At trial a fingerprint expert testified that Smith's fingerprints were found on a pack of cigarettes which had been dropped at the scene of the robbery.

In view of the above evidence, it is not surprising that Smith does not challenge the sufficiency of the evidence to sustain the conviction. It is apparent the jury could have found Smith guilty from the above evidence beyond a reasonable doubt.

▮ Smith first contends the court erred when it sustained the State's objection after Smith's counsel told the jury in final argument: "I think it's extremely interesting to note that the other customer in the U-Totem Store hasn't been in here to talk to you folks." The State's objection was based on the fact that the defense had the power of subpoena and could have subpoenaed the customer if it wanted him to

appear as a witness. There was no attempt to argue that the jury was entitled to draw any inference from the failure of the State to call the witness nor did counsel advise the court in response to the State's objection that he wanted to make any such argument. However, on this appeal Smith argues that he should have been allowed to draw an adverse inference from the failure of the State to call the customer. On the argument and the basis of the objection, the court was correct in its ruling under the settled rule that the State is not required to call each and every witness who might be able to provide testimony. *State v. Brooks*, 551 S.W.2d 634, 646[7, 8] (Mo.App.1977). The rule likewise is that the State is not required to call all the witnesses endorsed on an information or indictment. *State v. McUin*, 567 S.W.2d 138, 139[1] (Mo.App. 1978). But the argument fails even if considered on the ground now urged that an inference could be made adverse to the State from a failure to call this witness. This witness was equally available to Smith as he was to the State and no unfavorable inference from the State's failure to call him could be properly drawn. *State v. McClain*, 531 S.W.2d 40, 45–46[9] (Mo.App. 1975). The objection was properly sustained.

■ Smith contends the court erred in admitting evidence of his fingerprints. Smith's argument centers on the fact that his fingerprints apparently had been taken while he was a juvenile, although the record is not entirely clear that this was the case. In any event, the trial court suppressed the fingerprints which Smith contended were taken while he was a juvenile. Thereafter the State took Smith's fingerprints a few days before trial. It was the fingerprints taken shortly before trial that were used to compare with the prints found on the pack of cigarettes at the scene. Smith now contends that the fingerprint evidence taken shortly before trial was somehow tainted by the fact that the State had at one time used prints which Smith contended were illegally taken while he was a juvenile. Since the prints taken while Smith contends he was a juvenile were not used, no further notice

need be taken of that argument. Smith understandably does not contend that his arrest was invalid since, as demonstrated above, it was made with probable cause. Once Smith had been arrested with probable cause and taken into lawful custody, it was permissible to take his fingerprints. *State v. Ford*, 495 S.W.2d 408, 413[3] (Mo. banc 1973); *Gentille v. State*, 190 So.2d 200, 202[1, 2] (Fla.App.1966). There was no error in allowing the State to make use of the prints taken from Smith shortly before trial to compare with the prints found on the cigarettes.

■ Smith further contends the in-court identification made of him by the store clerk should have been suppressed because it was tainted by an impermissibly suggestive lineup. The trial court suppressed evidence of the lineup identification made by the store clerk because Smith was one of two men in the lineup without a beard or mustache. When the clerk testified in court, he identified Smith positively as one of the two robbers who entered the store and by use of a weapon removed money from the cash register.

In *State v. Higgins*, 592 S.W.2d 151, 160[13, 14] (Mo. banc 1979) the court stated that "[r]eliability, not suggestiveness, 'is the linchpin in determining the admissiblity of identification testimony ....'" The court further held that the in-court identification testimony is to be assessed under the totality of the circumstances. The court then listed the factors which are to be considered in assessing the totality of the circumstances. The testimony of the clerk satisfies each of the factors listed there. The clerk stated that Smith came into the well lighted store alone and walked around and then left. About two hours later, the clerk observed Smith enter the store again. This time he went to the rear and poured a cup of coffee and started toward the front, spilling the coffee as he walked. The clerk noticed all of this and remonstrated about spilling the coffee on the clean floor. He stated that he observed Smith full in the face for at least a minute and a half out of

the approximate four and one-half minutes that Smith was in the store on the second occasion. When Smith reached the counter with the coffee, the clerk was confronted by a masked man who placed a weapon in his side. Smith thereupon took the money from the cash register.

The clerk testified that he had been trained to carefully observe customers and that he was careful to observe Smith. The clerk positively identified Smith in court. In addition the clerk had given a description of the clothing worn by Smith which formed the basis of the arrest. Smith's principal argument is a statement made by the clerk to a police officer immediately after the crime in which the officer said that the clerk said he would have difficulty in identifying the robbers. The clerk explained this statement by saying that he meant that he would have difficulty in identifying the one robber who was masked because he had not seen him without a mask. He said that he did not say he would have difficulty in identifying Smith who appeared in the store twice without a mask.

In *State v. Sanders*, 621 S.W.2d 386, 389[1, 2] (Mo.App.1981) this court observed that there will rarely be a sufficient nexus between any claimed suggestiveness and the factors of reliability sufficient to require suppression of in-court identification. This court further observed that normally that issue will be one for the factfinder and it is left to cross-examination to test the reliability of the in-court identification.

Here the factors of reliability listed in *Higgins* are more than met and there was no error in refusing to suppress the in-court identification made by the clerk.

■ Smith finally contends that the court had no right to enhance his punishment under § 558.016, RSMo 1980. Smith is mistaken when he contends that the court enhanced his punishment under § 558.016. The court enhanced his punishment under § 557.036.3(2)(b). Under that section the court is authorized, after a jury verdict of guilty with a term of imprisonment assessed, to enhance the punishment if the defendant is found to be a persistent or dangerous offender. In the case of a Class A felony the court is authorized to impose any sentence authorized for a Class A felony. Section 558.011.1(1) provides the authorized term of imprisonment for a Class A felony is a term of not less than ten years or more than thirty years or life imprisonment. The trial court was authorized to enhance the punishment in this case to twenty years on the finding that Smith was a dangerous offender. *State v. Byrnes*, 619 S.W.2d 791, 792[1] (Mo.App.1981).

The judgment is affirmed.

All concur.