**STATE of Missouri, Respondent,**

v.

**Keith BROWN, Appellant.**

**No. WD 32983.**

Missouri Court of Appeals, Western District.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 30, 1982.

Application to Transfer Denied Jan. 17, 1983.

---

1. One defendant testified the amount was not fixed and she expected it would be only $2,000.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Keith Brown was jury convicted of assault in the first degree, § 565.050, RSMo 1978[1], a Class A felony. The jury assessed punishment at twelve years imprisonment, but the court, upon finding that Brown was a dangerous offender, increased the punishment to twenty-five years.

Brown contends that the court erred in finding him a "persistent offender" and as a result did not have the power to increase his sentence. Brown also contends error in failing to provide a means for his release from maximum security at the State Prison to the general population of the prison so he could identify witnesses.

The judgment is affirmed.

Brown does not question the sufficiency of the evidence. The jury could have reasonably found the facts as follows. The assault in the instant case occurred within the confines of the Missouri State Prison where both Brown and the victim, Sam Haley, were serving sentences for dangerous felonies. Outside the music room a guard observed defendant Brown standing over the victim stabbing him repeatedly with a knife. After several demands from the guard and a warning shot from a tower guard, Brown relinquished the knife. The victim was removed to the prison hospital where he was found to have twenty-one stab wounds. Brown had only one cut and a few abrasions.

---

1. All statutory references are to Revised Statutes of Missouri 1978.

Brown at trial claimed self-defense stressing that the victim had initiated the attack on him and that he had managed to wrest the knife away from the victim. The defense put on numerous witnesses from the inmate population who testified that Haley on a prior occasion had confronted Brown and threatened to kill him. None of the witnesses had previously come forward with this information to prison officials or investigators, and it was brought out on cross-examination that none of the witnesses had actually seen the present assault occur.

■ In Brown's first point he contends the court erred in finding him a "persistent offender" and as a result did not have the power to increase his sentence from twelve years to twenty-five years. This alleged error has no merit as it consists of a mere clerical mistake in the drafting of Judgment and Sentence. The indictment clearly stated and informed Brown of the charges against him noting that:

> Defendant is a *dangerous offender,* punishable by sentence to an extended term of imprisonment under Section 558.016, RSMo, in that during the commission of the felony assault in the first degree . . . the defendant knowingly threatened the life of and/or inflicted serious physical injury on Samuel Haley, and defendant has been previously convicted of a dangerous felony . . . the felony of armed robbery . . . and such felony was a *dangerous felony* as defined in Section 556.-061(8), RSMo. (Emphasis added.)

Brown points to the Court's Judgment and Sentence wherein the Clerk of the Circuit Court incorrectly recorded that the trial court found appellant to be a *persistent offender.* The same form proceeds to describe Brown's prior felony of armed robbery as a "dangerous felony" as defined in Section 556.061(8). The transcript also reflects the judge's intention to find the appellant to be a *dangerous offender* rather than a persistent offender. (Emphasis added.) A persistent offender is defined by Section 558.016 as:

> One who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode.

It is true that Brown cannot be deemed a persistent offender in light of the fact that he had incurred only one prior felony conviction. The fact is, however, that Brown was properly adjudged a dangerous offender as defined by Section 558.016 as one who: (1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and (2) Has been previously convicted of a Class A or B felony or of a dangerous felony.

In view of the above facts it is obvious that the court did not err in finding Brown a dangerous offender and in using that finding as the basis for enhancing his sentence from twelve to twenty-five years. Section 557.036.3(2)(b). *See also, State v. Smith,* 632 S.W.2d 3 (Mo.App.1982); *State v. Byrnes,* 619 S.W.2d 791 (Mo.App.1981).

Brown next contends that the court erred in failing to provide a means whereby he could be released from maximum security at the State Prison so that he could identify witnesses to the alleged attack on him by Sam Haley. After the stabbing Brown was removed from the general prison population. The state correctly notes in its brief that although appellant has a right to actively participate in his own defense, it is equally important that the prison administration maintain order and discipline within the Missouri State Penitentiary which is a maximum security institution.

■ Segregated confinement is not per se, a constitutional violation. *Burns v. Swenson,* 430 F.2d 771 (8th Cir.1970). There are a number of sound penological reasons for imposing segregated confinement including, but not limited to, protection of the general population or staff personnel of the prison, punishment for violations of prison rules and regulations, disobedience of orders, and prevention of escape. *Krist v. Smith,* 309 F.Supp. 497, 500 (S.D.

Ga.1970), affirmed 439 F.2d 146 (5th Cir. 1971). The state correctly submits that appellant's confinement was absolutely necessary for the foregoing reasons and that holding him in segregated confinement for a varying or indefinite period of time was permissible and advisable under the circumstances. *Kelly v. Brewer*, 525 F.2d 394, 400 (8th Cir.1975).

The eyewitness testimony of the guard who observed Brown stabbing the victim contains more than enough evidence to support the finding of the prison disciplinary board that Brown was guilty of committing an institutional violation (assaulting a fellow inmate). Thus, there appears to be a substantial basis in fact to support the actions taken by the prison officials to confine the appellant following the assault in question.

The state offered and provided Brown with adequate alternative methods of identifying witnesses for his defense. Brown was allowed to view photographs of inmates so as to enable him to identify persons he recognized by face but not by name. Brown's counsel was provided a penitentiary document called an "out-count" which indicated the inmates who were supposed to be in the music room, the scene of the assault, on the day and at the time in question. Brown's counsel asserts that he was restricted from circulating among all potential witnesses but does not indicate or claim that he would be unable to interview specific individual witnesses who would come forward as having been present in the music room on the day of the assault. As the state accurately notes in its brief:

> [A]ny defendant, situated in prison or otherwise, who did not know names of witnesses would face the same situation as appellant in the instant case—an inability to locate witnesses. Such a situation, if it did indeed exist for appellant, was not purely occasioned by his confinement in the Administrative Segregation Unit.

The fact is that the appellant was afforded a better chance of locating unknown witnesses than most individuals outside prison walls in that he was provided a list of names of individuals who were supposed to be at the scene, and named photographs of a limited pool of potential witnesses.

It is clear that the importance of maintaining order and discipline within the Missouri State Penitentiary and affording the prison population protection from assaults from inmates who have demonstrated dangerous propensities outweighs appellant Brown's right to circulate freely in the general prison population to locate witnesses. The above mentioned factors are even more persuasive in light of the reasonable alternatives provided Brown to enable him to locate witnesses. Appellant's second point is ruled against him.

The judgment is affirmed.

All concur.