**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Christopher Xavier BOHLEN,
Defendant-Appellant.**

**No. 46436.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

---

Frank A. Anzalone, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant was found guilty by a jury of three counts, each charging robbery in the first degree, § 569.020, RSMo 1978. He was sentenced by the court as a persistent offender, § 558.016.2, RSMo 1978, to serve consecutive fifteen-year sentences on each count.

The state charged that the defendant, acting with others, on April 17, 1981 entered a jewelry store in St. Louis County, Missouri, and took currency and jewelry from the store, Count I, a wristwatch from the manager of the store, Count II, and a wristwatch from the female employee, Count III. The manager of the store, a female employee and two customers were forced at gunpoint to a back room and ordered to lie on the floor. Witnesses saw four black males and two black females run from the store.

Identification was the central issue. Two witnesses were able to identify the defendant as being one of the robbers. There was evidence connecting the defendant with a cigarette lighter of the type of some lighters taken in the robbery. The defendant called three witnesses all of whom were in the vicinity of the robbery at the time of the occurrence and all of whom were unable to identify him as one of the robbers.

Appellant challenges the convictions on three grounds. First, he contends that the court erred in failing to dismiss Count III at the close of the state's case because the state failed to call the female employee whose wristwatch was taken in the robbery. Defendant maintains that he was thereby denied his constitutional right to confrontation and cross-examination guaranteed under the Sixth Amendment of the Federal Constitution and applicable in this state under the Fourteenth Amendment. Second, defendant contends that the court lacked jurisdiction to complete the trial because the judge granted a motion for mistrial during the state's closing argument. In the alternative, defendant contends that the requested mistrial was required by timely objection to the prosecutor's prejudicial closing argument. Third, the defendant contends the punishment should have been imposed by a jury as the state failed to prove that he was a persistent offender.

Appellant's first point is without merit. The Sixth Amendment guarantees a defendant in a criminal case the right "to be confronted with the witnesses against him" but it does not require the state to produce each and every witness who might present relevant testimony at trial. *United States v. Polisi*, 416 F.2d 573, 579 (2nd Cir.1969). *See State v. Smith*, 632 S.W.2d 3, 5 (Mo.App.1982). The constitutional guarantee of the Sixth Amendment is one of exclusion rather than mandatory inclusion. Invocation of the Sixth Amendment requires that evidence offered be excluded absent an opportunity by the defendant to test its credibility and probability by cross-examination. *Ohio v. Roberts*, 448 U.S. 56, 64, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). In this case, no such evidence was offered. The store manager testified that when threatened at gunpoint, he gave his wristwatch to one of the robbers and he helped remove the female employee's wristwatch and handed it to the same person. By this testimony alone the state made a submissible case on Count III. It was not necessary to have the testimony of the owner of the wristwatch. Defendant's right to confrontation was not violated by her absence at trial. *Turnbough v. Wyrick*, 420 F.Supp. 588 (E.D.Mo.1976) aff'd 551 F.2d 202 (8th Cir., 1977).

An understanding of the defendant's contention of error directed to his request for a mistrial requires additional facts. The store manager testified that a surveillance system camera was operating during the robbery and that after the robbery he gave the film to a police officer. The manager later viewed the film at a police station but the film was not offered in evidence.

In the opening portion of the state's closing argument the state argued "I believe the state has given you all the evidence you need to convict in this case." The defendant responded by arguing, "perhaps the most significant item in this whole case is

something that you haven't seen, something that I haven't seen, something that none of us will ever see ... Cameras are not like the human mind; they record exactly what they see." Thereafter, in the final portion of the state's closing argument the prosecutor told the jury, "The law obligates me, absolutely obligates me, to provide the defense with any information I have that will either condemn or exculpate the defendant." Defendant's objection that the state was arguing law and not evidence was properly sustained. *State v. Holzwarth*, 520 S.W.2d 17, 22 (Mo. banc 1975). Immediately thereafter, the prosecutor told the jury, "I assure you if I had a film that showed him, I'd show it to you. He knows that there was a film taken. He also knows that it didn't show a darn thing." The court sustained a general objection to that statement and the prosecutor thereafter immediately said, "There is no film."

Outside of the hearing of the jury the defendant requested a mistrial and the court said, "I'll grant it." In an effort to save the proceeding the prosecutor explained that he thought that the court's rulings referred only to not arguing the law, offered an apology, and urged the court not to grant the mistrial. The prosecutor then suggested that "the jury be instructed to disregard what I have just argued, that you personally reprimand me for arguing before the jury.... Reprimand me and instruct the jury that they must disregard what I have just said." Defense counsel suggested that if the judge was inclined to rule in favor of the prosecutor then "I would only request the court to make a statement that there was a film, to counteract the statement of counsel." Following a discussion off the record the court overruled the defendant's request for a mistrial. The court then announced to the jury, "Ladies and gentlemen of the jury, the court warns you to disregard the last statement of counsel." The court neither reprimanded the prosecutor nor did he

make a statement about the existence of the film.[1]

■ Appellant here contends that when the court sustained the motion for a mistrial jurisdiction to proceed was lost. This contention is simply not supported by the record. What occurred out of the hearing of the jury was an announcement by the court that he intended to grant a mistrial. After further argument he reversed his position. The initial statement was nothing more than an indication of intention at a time when the declaration of a mistrial was within the discretion of the court. *State v. O'Neal*, 618 S.W.2d 31, 35 (Mo.1981). The jury never heard the motion for a mistrial or the ruling. No announcement was made to the jury nor did the court announce a declaration of mistrial. In addition, the defendant recognized the possibility that the proceeding would continue and requested alternative relief in the event a mistrial was not declared. The court granted the alternative request in so far as possible. No prejudice resulted. *State v. Harry*, 623 S.W.2d 577, 579 (Mo.App.1981).

■ In the second part of his argument for a mistrial the defendant contends that a mistrial was required because of the prejudicial effect of the prosecutor's statements concerning the film and his obligation to present the film to the defendant. There was no evidence to support the prosecutor's statement that the film did not exist. The evidence indicated that the film was delivered to a police officer and later viewed by the store manager. Absent evidence which described the history of the film from the time it was seen by the manager until the date of the trial, it is not proper for the prosecutor to argue either the duty of the state to produce it or what it may have disclosed. *See State v. Moore*, 428 S.W.2d 563, 565 (Mo.1968).

■ The state's failure to justify nonproduction of the film once its existence was established entitled the defendant to

---

1. There being no evidence that the film did not exist the court committed no error in not stating

as a fact that it did not exist.

an inference that the contents of the film were unfavorable to the state's case. *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 649 (1942). Defense counsel properly made that argument in his closing statement. The prosecutor's attempt to deny the defendant the benefit of the inference by asserting the film did not exist and that it did not show a darn thing was improper. Argument not supported in evidence or a misstatement of the evidence is generally regarded as error, especially if the statement of facts not in evidence is willful. *State v. Swing*, 391 S.W.2d 262, 265 (Mo. 1965). This type of conduct is particularly prejudicial where the prosecutor argued a matter immediately after the court sustained an objection in that regard. *State v. Ralls*, 583 S.W.2d 289, 292 (Mo.App.1979). In the case at bar the prosecutor continued to discuss the film after an objection and after an earlier statement by the judge, during the state's case, to bring in the film. In this case we find that any error was not prejudicial because the jury admonition to disregard the prosecutor's comment was adequate to cure the prejudicial effect. *State v. Wren*, 643 S.W.2d 800, 802 (Mo. 1983).

Defendant's third point of error concerns sentencing. Our search of the record indicates that although the defendant was sentenced by the judge as a persistent offender no proof was made of the prior convictions. We requested the parties to supplement the record to prove that the prior convictions were presented to the court. No such proof was furnished. We remand for a hearing on the allegations of the prior convictions. If the prior convictions are proved defendant should be resentenced. *State v. Holt*, 660 S.W.2d 735, 739 (Mo.App.1983). If the prior convictions are not proved the trial court judgment is reversed and defendant shall receive a new trial in order that a jury may consider all the issues.

Defendant's conviction is affirmed but the sentence is reversed and remanded for resentencing based upon the evidence of prior convictions.

REINHARD and CRANDALL, JJ., concur.