**STATE of Missouri, Respondent,**

v.

**Lawrence BROWN, Appellant.**

No. 48435.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

John D. Dwyer, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction, by a jury, of robbery in the first degree, for which he was sentenced to thirty years' imprisonment. We affirm.

Defendant asserts the trial court unduly restricted his closing argument when it prevented defense counsel's argument concerning whether the police applied for a warrant for defendant shortly after the arrest, on the ground it was outside the evidence. Evidence was presented defend-

ant was arrested for the crime, then released shortly afterward, and not re-arrested on the charge until six months later. No evidence was adduced on whether a warrant had been requested within 20 hours of defendant's initial arrest. Given the broad discretion to be exercised by the trial court in controlling the argument of counsel, *State v. Stuckey*, 680 S.W.2d 931, 937 (Mo. banc 1984), we find no error in the trial court's ruling. *State v. Bohlen*, 670 S.W.2d 119, 122–23 (Mo.App.1984).

■ In his other two points relied on, defendant challenges the trial court's decision allowing the prosecutor to cross-examine defendant regarding a statement allegedly made by him upon questioning by one of the arresting officers. When defendant was arrested, a bag containing $756.00 was found in the car he occupied. One of the officers asked defendant where he got the money. Defendant replied "Two white guys threw it in our car." Cross-examination using this statement, made before defendant was apprised of his rights, was for the purpose of impeaching defendant's claim at trial the money in his possession upon his arrest came from a gasoline station where the owner, defendant's uncle, asked him to pick up the station receipts.

Error is asserted because the statement, made in response to interrogation, was made before defendant was given "Miranda" warnings and because the statement was not provided to defendant upon a proper discovery request. However, as this statement was used for impeachment purposes, neither objection has merit. *State v. Mitchell*, 622 S.W.2d 791, 796[6] (Mo.App.1981) and *State v. Stuckey*, 680 S.W.2d at 937[6].

We find no jurisprudential purpose would be served by an extended written opinion.

Judgment affirmed in accordance with Rule 30.25(b).

DOWD, P.J., and CRANDALL, J., concur.