OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 22, 2002

Mr. William M. Franz
Executive Director
State Board for Educator Certification
1001 Trinity
Austin, Texas 78701-2603

Opinion No. JC-0566

Re: Procedure for certification of foreign educators by State Board for Educator Certification (RQ-0541-JC)

Dear Mr. Franz:

You have asked this office whether the State Board for Educator Certification (the "SBEC") may require a "Letter of Good Standing" from foreign educators applying for Texas certification.[1] We conclude that while the requirement of such a letter is within the authority of the SBEC, in instances where for good reason it cannot be produced and where insistence upon its production would work an undue hardship on an applicant, the SBEC may and should accept alternative forms of evidence.

The SBEC has the authority to "regulate and oversee all aspects of the certification, continuing education, and standards of conduct of public school educators." TEX. EDUC. CODE ANN. § 21.03(a) (Vernon 1996). "No person may be employed as a teacher unless the person has obtained an educator certificate." Tex. Att'y Gen. Op. No. JC-0241 (2000) at 4 (citations omitted). "With respect to educator certificates, the SBEC must establish the training requirements and minimum academic requirements for a person who wishes to obtain a certificate." Id.

Educators who hold certificates issued by a foreign country, and who have taken either the Texas certification examination or examinations as rigorous as that for Texas certification, are eligible for teacher certification in Texas pursuant to section 21.052 of the Education Code, which reads as follows:

> (a) The board may issue a certificate to an educator who
>
> (1) holds:
>
> (A) a degree issued by an institution accredited by a regional accrediting agency or group that is recognized by a nationally recognized accreditation board; or

---

[1]See Letter from William M. Franz, Executive Director, State Board for Educator Certification, to Honorable John Cornyn, Texas Attorney General (May 1, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

(B) a degree issued by an institution located in a foreign country, if the degree is equivalent to a degree described by Paragraph (A);

(2) holds an appropriate certificate or other credential issued by another state or country; and

(3) performs satisfactorily on

(A) the examination prescribed under section 21.048; or

(B) if the educator holds a certificate or other credential issued by another state or country, an examination similar to and at least as rigorous as that described by Paragraph (A) administered to the educator under the authority of that state.

(b) For purposes of Subsection (a)(2), a person is considered to hold a certificate or other credential if the credential is not valid solely because it has expired.

TEX. EDUC. CODE ANN. § 21.052 (Vernon Supp. 2002).

The rules promulgated by the SBEC for issuing a certificate to a foreign-trained educator who applies for one require that the applicant provide, among other things:

(3) evidence in a form approved by the executive director that the educator certificate or credential . . . is currently in good standing and has not been revoked, suspended, or sanctioned for misconduct and is not pending disciplinary or adverse action;

. . . .

19 TEX. ADMIN. CODE § 245.10(a)(3) (2002). It appears that, in practice, the SBEC requires this evidence in the form of a "Letter of Good Standing" issued by the ministry of education or the authorized licensing agency in the educator's home country. The SBEC rule, however, does not require such a letter, but rather requires "evidence . . . that the educator certificate or credential . . . is currently in good standing and has not been revoked, suspended, or sanctioned for misconduct and is not pending disciplinary or adverse action." *Id.*

As we understand the situation which led to your request, a Cuban-certified educator now residing in Texas has applied to the SBEC for certification, and the SBEC in March of this year sent the applicant a letter requesting that he supply a "Letter of Professional Standing from the Ministry of Education" to fulfill the requirements of 19 Texas Administrative Code section

245.10(a)(3).[2] The applicant, in a letter to the SBEC, responded to this request for information that he, like other Cuban political exiles, "cannot obtain papers from our country, as it does not have any diplomatic relations with USA."[3] In its March 27 reply, the SBEC responded that "[t]he Letter of Professional Standing is required of all out-of-country certified applicants, regardless of the country of origin or the conditions of the individual's immigration to the United States. We are not able to waive this item."[4]

A representative of the applicant has argued that no such requirement is to be found in the Education Code, and the applicant has argued that, in effect, his status as a Cuban immigrant exempts him from this state requirement as a matter of federal law.[5] You have accordingly asked us whether the SBEC may require a "Letter of Good Standing," and whether persons granted asylum or refugee status are exempt from SBEC's statutory or regulatory requirements in applying for certification. We conclude that the regulation in question, 19 Texas Administrative Code section 245.10(a)(3), is within the SBEC's regulatory authority, but that neither it nor the Education Code require foreign educators to provide a "Letter of Good Standing." We also conclude that immigrants are not exempted from generally applicable state licensing regulations solely on the basis of that status.

"A state agency created by the legislature has only those powers that are explicitly or implicitly delegated to it." Tex. Att'y Gen. Op. No. JC-0241 (2000) at 3, *citing City of Sherman v. Pub. Util. Comm'n*, 643 S.W.2d 681, 686 (Tex. 1983). In particular, "agency rule[s] may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with . . . relevant statutory provisions." *S.W. Bell Tel. Co. v. Pub. Uitl. Comm'n*, 888 S.W.2d 921, 926 (Tex. App.–Austin 1994, writ denied). However, section 21.052 of the Education Code provides sufficient authority for the requirement contained in 19 Texas Administrative Code section 245.10.

Given that a condition of section 21.052(a)(2) is that an applicant "hold[] an appropriate certificate," *see* TEX. EDUC. CODE ANN. § 21.052(a)(2) (Vernon Supp. 2002), the SBEC has implicit authority to determine that this condition has been met. Furthermore, as you note, section 21.052(b) provides that, "[f]or purposes of Subsection (a)(2), a person is considered to hold a certificate or other credential if the credential is not valid solely because it has expired." *Id.* § 21.052(b). You argue that this provision suggests that there may be other reasons why the SBEC could regard a foreign certificate as invalid, and that consequently the SBEC may require an applicant to

---

[2]*See* Letter from State Board for Educator Certification, to Benito A. Castillo (Mar. 6, 2002) (attached to Request Letter).

[3]*See* Letter from Benito A. Castillo, to State Board for Educator Certification (Mar. 11, 2002) (attached to Request Letter).

[4]*See* Letter from State Board for Educator Certification, to Benito A. Castillo (Mar. 27, 2002) (attached to Request Letter).

[5]*See* Letter from Rosa de Armas, to State Board of Educator Certification (Apr. 9, 2002) (attached to Request Letter); Letter from Benito A. Castillo, *supra* note 3.

demonstrate that such is not the case. Insofar as 19 Texas Administrative Code section 245.10 is intended to aid in making such a determination, it is within the SBEC's authority. However, as we have noted, the regulation does not specify that an applicant must submit a "Letter of Good Standing" issued by the ministry of education or the authorized licensing agency in the educator's home country. And we believe such a regulatory requirement would impose burdens and conditions in excess of the SBEC's statutory authority. *See S.W. Bell Tel. Co.*, 888 S.W.2d at 926. There are cases such as the instant one in which the production of a "Letter of Good Standing" is impossible, and a refusal by the SBEC to consider any other form of documentation in such instances would cause a particular class of applicants such as, *e.g.*, Cuban immigrants, undue hardship. In such instances, the Education Code and section 245.10(a)(3) of the Administrative Code require the SBEC to permit other material evidence that is "in a form approved by the executive director," *see* 19 TEX. ADMIN. CODE § 245.10(a)(3) (2002), to make the necessary showing that the "credential . . . is currently in good standing and has not been revoked, suspended, or sanctioned for misconduct and is not pending disciplinary or other adverse action." *Id.*

We note that the SBEC already requires the applicant to provide an evaluation of his or her credits "prepared by a credential evaluation service recognized by the executive director of SBEC." *Id.* § 245.10(a)(2). Further, under section 22.082 of the Education Code, the SBEC is obliged to "obtain from any law enforcement or criminal justice agency"—a category that, in our view, would include the Immigration and Naturalization Service—"all criminal history record information that relates to an applicant for or holder of a certificate issued under Subchapter B, chapter 21." TEX. EDUC. CODE ANN. § 22.082 (Vernon 1996). What other information the SBEC may deem sufficient for the purpose of section 245.10(a)(3) is a matter within its discretion, so long as that discretion is not exercised arbitrarily and capriciously. *See, e.g., Occidental Permian, Ltd. v. R.R. Comm'n*, 47 S.W.3d 801, 806 (Tex. App.—Austin 2001, no writ).

In response to an argument offered by the applicant, you ask whether the immigration status of foreign applicants exempts them from generally applicable statutory or regulatory requirements. So far as we can determine, it does not.

Article 1, section 8 of the Constitution of the United States gives the Congress the power "[t]o establish a uniform Rule of Naturalization." U.S. CONST., art. I, sec. 8, cl. 4. The regulation of immigration and naturalization as such is an exclusively federal concern. "'[O]ver no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." *Fiallo v. Bell*, 430 U.S. 787, 792 (U.S. 1977). Further, under the Supremacy Clause, the Constitution and laws of the United States are "the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST., art. VI, cl. 2. Accordingly, a state could not place burdens or restrictions on immigrants inconsistent with federal law. However, no such restrictions are evident in subjecting such persons to a common regulatory or licensing scheme.

Presumably of course the Congress of the United States could, consistent with its plenary power over matters concerning immigration, exempt foreign nationals from some state regulatory scheme. But we are aware of no such exemption. In this regard, the applicant refers in his letter of

March 11, 2002, to the Cuban Refugee Adjustment Act. *See* 8 U.S.C. § 1255 (2000).[6] While the Act in question does provide, as the applicant notes, certain relief for Cuban nationals in terms of the adjustment of their immigration status, nothing in it exempts such persons from generally applicable state laws.

Your third question is whether SBEC may "ascertain and condition educator certification on the citizenship or alien status of an applicant originally certified by a foreign jurisdiction."[7] Assuming your concern here is whether you must assure yourself that the applicant is in the United States legally, you must make such a determination. Federal law provides that illegal aliens are "not eligible for any State or local public benefit," which term includes professional licenses. 8 U.S.C. § 1621(a)(3), (c)(1)(A) (2000). *See also* Tex. Att'y Gen. Op. No. JC-0051 (1999). "Qualified alien[s]" who may be eligible for public benefits, for purposes of 8 U.S.C. § 1641 include Cuban or Haitian entrants to the United States. *See* 8 U.S.C. § 1641(b)(7) (2000). You may and should require the applicant to provide documentation from the Immigration and Naturalization Service that he or she resides legally in the United States.

---

[6]*See* Letter from Benito Castillo, *supra* note 3.

[7]*See* Request Letter, *supra* note 1, at 1.

## S U M M A R Y

The State Board for Educator Certification may require a foreign-certified educator who qualifies for certification pursuant to section 21.052(a) of the Education Code to produce a "Letter of Good Standing" from the foreign jurisdiction in which the educator is certified. However, if for good cause the applicant cannot produce such a letter, the board should accept alternative documentation. Immigration status does not exempt a foreign national from the strictures of a uniform state licensing scheme.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee