**STATE of Missouri, Plaintiff-Respondent,**

v.

**Michael WILLIAMS, Defendant-Appellant.**

No. 35876.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 11, 1975.

Charles D. Kitchin, Public Defender, and James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., and Richard Poehling, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Defendant appeals from a conviction of burglary second degree for which he was sentenced to two years imprisonment.

There is no challenge to the sufficiency of the evidence. The amended information under which defendant was tried charged that he had broken into the Wyman School, located in St. Louis, with intent to steal. The school custodian, Mr. Charles Penn, testified that he left the building at about 4:30 p. m. on March 13, 1973. He was the last person to leave, insuring that all doors and windows were locked. He was called back to the school at about 8:00 that evening, and saw that a window leading to the girls' gym on the ground level had been broken. He then accompanied two police officers into the building, and noticed that a radio and a coffeepot—coffee-maker—had been moved from their normal places into a hallway of the school. These articles were not there when he had left earlier in the day. One of the teachers testified that the radio found in the hallway was usually kept in her classroom. The coffee-maker was usually kept in the teachers' lounge. The two police officers testified that they responded to an alarm at the school at about 7:45 p. m. on the evening in question. They discovered the broken window, entered the building, and apprehended two persons inside one of the school rooms. One was identified by both officers as the defendant.

The defendant testified in his own behalf. Defendant's testimony during direct examination was to the effect that about 7:00 p. m. on March 13, 1973, he was in his backyard working on a car with his cousin, Thomas Moorehead (phonetic). Two friends of his cousin approached, and they had a conversation. The two persons left with the cousin a few minutes after 7:00 p. m. "They went west." Later that evening he saw the two individuals again, but the cousin was not with them. At that time he had a conversation with them, and after the conversation he "went west *to* Wyman School." (Emphasis added).

On cross-examination, the defendant was asked several questions: ". . . [W]ere you inside the Wyman School located at 1547 South Theresa?"; "On the 13th of March, 1973, at approximately 8:00 p. m. in the evening, where were you?"; and "On the 13th of March, 1973, at any time in the evening hours from, say, 7:00 on, were you inside the Wyman School?" Each time the questions were objected to as being beyond the scope of the direct examination. The objections were overruled, and defendant answered the last question: "To my ability, I do not recall."

Defendant's sole point on this appeal is that the trial court erred in overruling the defendant's continuing objections that the questions propounded by the assistant circuit attorney were beyond the scope of direct examination.

Section 546.260, RSMo 1969, V.A.M.S., provides that:

"No person shall be incompetent to testify as a witness in any criminal cause or prosecution by reason of being the person on trial . . . but any such person may . . . testify in his behalf . . . and shall be liable to cross-examination, as to any matter referred to in his examination in chief . . ."

In the early history of Missouri, a defendant in a criminal case was not competent to testify. The rule was abolished by statute in 1877. (Laws 1877, p. 356). Under this statute it was held that the defendant, having thus been made competent, might testify or not at his option, but that when he did so testify, he occupied the position of a witness and could "be cross-examined on 'any matter pertinent to the issue.'" At the next session of the General Assembly, the substance of our present statute was enacted, and when the defendant testifies he waives his immunity and is subject to cross-examination "as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case . . ." The statute and adjudicated cases do not "give us any yardstick by which we can accurately measure the breadth of a cross-examination and tell clearly whether its proper scope has been infringed. It is probably impossible to lay down any definite rule. Each case is very much dependent upon its own facts and background." State v. Scown, 312 S.W.2d 782, 786 (Mo. 1958). The general principle laid down in many decisions is that the state is not confined to a categorical review of the matters covered or stated in the direct examination, but that cross-examination may cover all matters within the fair purview of the direct examination.[1] The defendant may not take the stand and by confining his answers to "one or two well-prepared interrogatories sweep away the whole structure of the state's case, and then remain immune from a cross-examination on the issue thus tendered." State v. Miller, 190 Mo. 449, 89 S.W. 377, 381 (1905). The "matter" referred to in the examination in chief means the things he testifies about. If the defendant in his examination in chief refers to a subject in a general way, he may be examined in detail as to that subject. When he states a fact in relation to his actions, the state may inquire as to particular circumstances which would throw light on that fact. State v. Christian, 245 S.W.2d 895, 899 (Mo.1952). He may be cross-examined with reference to any subject matter concerning which he gave testimony. State v. Dees, 276 S.W.2d 201, 207 (Mo.1955).

We believe that under these principles, the cross-examination did not exceed the scope of the direct. The defendant testified that he "went west to Wyman School." The cross-examination was within the fair purview of the direct examination, the defendant having in a general way referred to the subject of Wyman School. The fair implication of the direct examination was that the defendant denied being inside the Wyman School on the evening of March 13, and the cross-examination covered that subject. Hence, we conclude that there was no error when the trial court overruled the objections relating to the cross-examination.[2]

We find no prejudicial error.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.

1. State v. Dalton, 433 S.W.2d 562, 564 (Mo. 1968); State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431, 432 (1935); State v. Booth, 515 S.W.2d 586, 590 (Mo.App.1974).

2. In State v. Scown, supra, an abortion case, defendant testified that she did not aid or abet or participate in an abortion on the evenings of April 28 and 29, 1956. The cross-examination covered a wide range including whether she was "in the premises."

In State v. Tatman, 264 Mo. 357, 175 S.W. 69, 72 (1915), where accused testified on direct examination as to his having gone into the locality of the commission of the crime, cross-examination calling for his explanation as to why he was in the neighborhood was proper.