STATE of Missouri, Respondent,

v.

Dwayne L. ARNALL, Appellant.

No. 11663.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 1980.

---

**112**

John D. Ashcroft, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

Albert Crump, Jr., Asst. Public Defender, Rolla, for appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the felony of selling marijuana.[1] §§ 195.020 and 195.200–1(4).[2] In accordance with the verdict, defendant was sentenced to imprisonment for five years. He appeals.

The trial evidence was laconic. While conducting an undercover investigation in Pulaski County, a trooper for the Missouri State Highway Patrol entered the Tinkle Bar in Waynesville and while there, according to his testimony, purchased from defendant a quantity of what was represented to be marijuana for $18. Subsequent laboratory examinations of the substance purchased verified it was marijuana. Testifying in his own behalf, defendant denied ever having met the patrolman, ever having been in the Tinkle Bar and ever having sold marijuana to the trooper.

In this appeal the lone point relied on by defendant is that the trial court erred in failing to instruct the jury on the lesser included offense of possession of marijuana.[3] Our statute, § 556.046–2, states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

The test of whether an instruction on a lesser, included offense is required is whether the evidence shows that defendant may not be guilty of the offense charged, i. e., selling marijuana, but may be guilty of the offense of mere possession of marijuana, an offense necessarily embraced in the charge. *State v. Leigh*, 466 S.W.2d 685, 686 (Mo. 1971). Nevertheless, before instructions on included or lesser offenses are compelled, there must be evidentiary support for such offenses. It should be observed that defendant's testimony was to the effect the crime charged had never occurred and that he was not present at the time and place of its alleged commission. Had defendant admitted possession of the marijuana and denied its sale to the trooper, an instruction on the lesser or included offense may have been required. However, the only defense evidence was as above indicated and there was no evidence in the state's case that defendant merely had possession of the marijuana. Had the evidence warranted a finding that defendant was guilty only of possession, he would have been entitled to a separate instruction thereon. But here the state's evidence was that possession and selling were continuous, inseparable acts. Consequently, the court did not err in failing to instruct on possession as a lesser included offense. *State v. Washington*, 357 S.W.2d 92, 95 (Mo.1962); *State v. Sturgell*, 530 S.W.2d 737, 739[4–6] (Mo.App.1975).

Judgment affirmed.

All concur.

---

1. Spelled "marihuana" in our statutes.

2. References to statutes are to RSMo 1978, V.A.M.S.

3. Such an instruction was proffered by defendant but refused by the trial court.