**STATE of Missouri, Respondent,**

v.

**Tafari HOUSTON, Appellant.**

**No. 42008.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from two convictions, one for robbery in the first degree and the other for robbery in the second degree. Defendant was convicted by a jury and sentenced by the court, as a persistent offender, under Chapter 558, RSMo 1978, to consecutive terms of twenty years and ten years in the Department of Corrections. On appeal, defendant contends that the trial court erred in admitting certain testimony from the arresting officer. We affirm.

We note initially that during the proceedings at issue here, Rule 27.20(a) was in effect and required defendant to file his motion for a new trial "within ten days of the return of the verdict." In this case, the verdict of the jury was returned on July 11, 1979, but the defendant's motion for a new trial was not filed until August 10, 1979. Since the ten–day limit was exceeded and since it appears from the record that no application for an extension of time for filing was made by defendant, we conclude that defendant's motion was untimely and therefore preserves nothing for our review. See State v. Collett, 542 S.W.2d 783, 785 (Mo.banc 1976); State v. Perry, 595 S.W.2d 307, 308 (Mo.App.1979). If his allegation of error is to be reviewed, it must be done under Rule 29.12(b), which authorizes consideration of plain error affecting substantial rights even though the error has not been properly preserved.

We have examined the record and find that the court committed no error in admitting the testimony complained of. Defendant's claim of error involved the testimony of the arresting officer regarding statements made by one of the other passengers in the automobile with defendant at the time of defendant's arrest. Defendant contends that the officer's testimony was inadmissible hearsay and that the court erred in admitting it.

When the passenger, Marva Gibson, tried to throw away items in her possession during questioning, the officers seized them and discovered them to be documents taken from the victim at the time of the robbery. On redirect examination by the state, the arresting officer testified that defendant had been arrested because Gibson had told him the documents had been given to her by the men in the car. We note that this testimony came out on redirect examination after the defense attorney had, during cross–examination of the officer, asked a number of questions about the circumstances of the arrest. In response to the state's objection to this line of questioning, the defense attorney had stated that he was "just trying to establish what happened at the time of the arrest, as to why he [the arresting officer] had no cause to arrest him [the defendant] . . . ."

Defense counsel, during the redirect examination of the officer, then objected on the ground of hearsay to the officer's testimony regarding Gibson's statement. The state replied that it was trying to show the basis for the arrest, to refute inferences of police misconduct raised when defendant had opened the subject on cross–examination. The state also asserted that Gibson's statement was being offered not for its truth, but rather to show why the detectives had arrested defendant and his companions.

The reasons asserted by the state at the time this testimony was admitted constituted proper reasons for its admission. It is well settled that "[u]pon redirect examination, a witness may properly be interrogated as to any matter which tends to refute, weaken, or remove inferences . . . which might have resulted from testimony on cross–examination." State v. Gatlin, 539

S.W.2d 731, 733–34[6] (Mo.App.1976). *See also, State v. Johnson*, 539 S.W.2d 493, 503–04[11], [12] (Mo.App.1976), *cert. denied* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). This is true even though the resulting testimony may be prejudicial to the opposing party. *State v. McKinney*, 475 S.W.2d 51, 54[2] (Mo.1971). Furthermore, the hearsay evidence rule is subject to an exception when the statement is offered not for its truth, but rather to explain the subsequent conduct of the person testifying. *State v. Green*, 575 S.W.2d 211, 212[3] (Mo. App.1978). Under the circumstances, the trial court committed no error in admitting the testimony complained of. *See also, State v. Starr*, 492 S.W.2d 795, 799–800[5] (Mo.banc 1973).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.