**STATE of Missouri, Respondent,**

v.

**Carlos GREEN, Appellant.**

**No. WD 31298.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Lee M. Nation, Nation & Curley, Kansas City, for appellant.

Carlos Green, pro se.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

A jury found defendant guilty of robbery in the first degree (Section 569.020, RSMO 1978) and fixed his punishment at twenty years imprisonment. Judgment and sentence were entered and pronounced accordingly. Two points are raised on appeal, one pro se and one by counsel. Neither questions the sufficiency of the evidence to support the guilty verdict.

A brief synopsis of the facts reveals why the sufficiency of the evidence has gone unchallenged. Defendant was positively identified as the person who, armed with a deadly weapon, entered the Handy Serve Market at 350 East Armour, Kansas City, Missouri, on April 8, 1979, at approximately 1:30 P.M., and forcibly stole $200.00 in U.S. Currency belonging to said market from its manager.

■ Defendant asserts on his own behalf that the trial court erred in giving Instruction No. 9 (MAI–CR 1.10), commonly known as the "hammer instruction". No objection was made to Instruction No. 9 either when it was given or in defendant's motion for new trial. As there was no semblance of compliance with Rule 28.03 (formerly Rule 20.03), defendant's pro se point was not preserved for appellate review. Such being the case it will not be entertained on appeal. State v. Sykes, 559 S.W.2d 643, 646 (Mo.App.1977).

Counsel asserts on defendant's behalf that two unrelated instances of conduct on the part of the trial judge while the jury was deliberating were highly prejudicial and denied defendant a fair trial. The conduct complained of will be seriately identified and discussed.

■ During the course of its deliberations the jury sent the following message to the trial judge: "May the jury have the transcript of the trial?" The trial judge responded with the following message: "This is not California." Remarks such as this, however innocuous they may appear to be on their face, invariably incite emotionally charged reactions and their meaning tends to become grossly distorted. The following quote from defendant's brief aptly demonstrates what has just been said: "Indeed, the remark of the court conjures up an image of a wild west judge unimpressed with the technological advances of his civilized neighbors, requesting the jury to commit 'speedy justice.'"

■ Absolute impartiality, both in speech and conduct, is not only expected, but is demanded of a trial judge. State v. Castino, 264 S.W.2d 372, 375 (Mo.1954). Conduct or speech of a trial judge indicative of hostility towards an accused or of a belief as to his guilt are the antitheses of impartiality. State v. Tate, 468 S.W.2d 646, 648 (Mo.1971); State v. Castino, supra; State v. Jones, 197 S.W. 156, 158 (Mo.1917); and State v. Hurd, 550 S.W.2d 804, 806 (Mo.App.1977). A trial judge should not take his role as an impartial arbiter lightly, and acts or conduct which give the appearance of partiality should be avoided with the same degree of zeal as acts or conduct which inexorably bespeak of partiality.

The ultimate question before this court is whether the trial judge's response to the jury, i. e., "This is not California", bespoke of or gave the appearance of hostility towards defendant or a belief as to his guilt. Defendant argues that the responsive remark urged the jury to make short shrift of finding him guilty. The responsive remark has to be tortured beyond recognition to give it such a connotation. One can argue with equal or greater ease and facility that the trial judge's responsive remark merely intended to convey to the jury his belief that although California procedure may permit juries to receive copies of trial transcripts during deliberation, no such procedure prevails in Missouri. Defendant's attempted categorization of the trial judge's responsive remark as a classic paradigm of prejudice is rejected. Although it may be open to a variety of meanings, none come to mind which rise to the stature of a coercive or prejudicial remark demanding reversal.

■ During the course of their deliberations, the jurors sent another message asking "[m]ay we see the pictures (of store)

that were submitted as evidence?" The record fails to show whether this message was ever received by the trial judge. In any event, there is no indication that it was ever acted upon by the trial judge. Defendant argues, dehors the record, that the trial judge was unavailable at the time the message was submitted, thus accounting for his failure to respond, all of which indicated a total lack of interest or concern about the case on the part of the trial judge. Appellate courts must look to the record presented on appeal as a basis for deciding points of error relied on. Asserted legal points, in order to rise to the level of justiciable issues, must rest on a footing more solid than speculation, conjecture and surmise. *State v. Huff*, 537 S.W.2d 836, 837 (Mo.App.1976). This court is unwilling to indulge in unbridled speculation, conjecture and surmise as to why the jurors' message went unanswered.

Judgment affirmed.

All concur.