**STATE of Missouri, Respondent,**

v.

**Walter E. ASHLEY, Appellant.**

**No. WD 31541.**

Missouri Court of Appeals,
Western District.

May 4, 1981.

William D. Adkins, Liberty, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catherine B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Walter E. Ashley was convicted by a jury of selling a Schedule I controlled substance in violation of § 195.020, RSMo 1978. He now appeals that conviction and a resultant five-year sentence. Affirmed.

On conflicting evidence, the jury was warranted in finding that on March 23, 1978, an undercover police officer, Himmel, went to Ashley's home in Clay County. He had previously received information focusing attention on Ashley as one who dealt in illicit drugs. Himmel was accompanied by James Dale, a police informant. Himmel and Dale entered Ashley's house and Himmel negotiated a purchase of marijuana. For a price of $135.00, Ashley sold and delivered to Himmel three bags containing something less than one quarter of a pound of marijuana.

On this appeal, Ashley raises eight points. He first contends that denial of his motion for a continuance on the date trial commenced denied him his right to confront witnesses against him and thus deprived him of a fair trial. The basis for the continuance request was Ashley's continuing efforts to locate James Dale whose whereabouts were unknown.

Ashley's defense, to which he testified and in which he was supported by testimony from his brother and his uncle, was that only Dale and not Himmel entered the Ashley house and that it was Dale who had the marijuana. Without any factual basis whatever, Ashley contends that had Dale been located and required to testify, he would have confirmed Ashley's version of events and would have exonerated Ashley.

In connection with an earlier continuance request, Ashley represented to the court that Dale had been located in the Ozarks and time was needed only to serve him with a subpoena. As trial was about to begin, however, counsel acknowledged that possible leads had been exhausted and Dale was not to be found.

The decision to grant or deny a continuance is discretionary with the trial court. *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.1979). A very strong showing is required to induce an appellate court to interfere with a discretionary ruling by a trial court on a continuance request. *State v. Amerison*, 399 S.W.2d 53, 55 (Mo.1966); *State v. Wade*, 535 S.W.2d 492, 496 (Mo. App.1976). In considering a ruling on an application for continuance sought for purposes of producing an absent witness, one of the issues is whether there is reasonable probability that the personal presence of the witness will ever be obtained. *State v. Oliver*, 572 S.W.2d 440, 445 (Mo.banc 1978).

Ashley was arraigned on the charge June 7, 1979, and from the first trial setting, September 17, 1979, the case was continued three times on Ashley's account. He was not precipitously ordered to trial but was afforded adequate time to prepare during which efforts to locate Dale were fruitless. The record does not indicate even the possibility, let alone the probability, that Dale could have been found if more time had been allowed. Moreover, the prospect that Dale, an undercover informant, would aid Ashley's case if he testified is sheer speculation. The trial court did not err in refusing the postponement of trial.

In his second point, Ashley asserts error in the failure of the trial court to order a mental examination to determine if Ashley was competent to proceed to trial. Relying on *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), appellant contends that the facts and circumstances confronting the trial judge on the eve of trial were such as to create a bona fide doubt that the accused was mentally competent to proceed. A hearing to determine the question and, perforce, a psychiatric examination were therefore mandated, Ashley argues.

The thrust of *Pate v. Robinson, supra*, explicated in some detail in *State v. Moon*, 602 S.W.2d 828 (Mo.App.1980), is that the trial court is obligated at any stage of the criminal proceedings before it to conduct a competency hearing if the court has reason-

able cause to believe that a defendant has a mental disease or defect and, by reason thereof, he is not possessed of a current mental capacity sufficient to understand the charges against him and assist in the defense. The question in the present case is whether Ashley was shown to be suffering from mental disease or defect, a condition which must exist before there is any duty on the trial court to conduct a competency hearing and determine the fitness of an accused to proceed.

The record is somewhat meager, but it does indicate that counsel had raised the question of Ashley's mental history and his own doubt about Ashley's competence some thirty days prior to trial. Examinations of Ashley were conducted, apparently by his own arrangement, by a psychiatrist and a psychologist and their reports were furnished to the court. These reports and the statements by Ashley's attorney about his observations were the only source from which Ashley's mental condition was questioned, his behavior before and during trial having been otherwise unremarkable.

The psychiatrist's report concluded that Ashley was "borderline" in personality and intellectual function with paranoid features. The psychologist similarly found "borderline" intellect with learning disabilities. Neither examiner made any express finding as to presence or absence of mental disease or defect, neither expressed any opinion about Ashley's competence to proceed to trial and neither recommended any institutional confinement or treatment. The general tenor of the reports may fairly be said to conclude that Ashley has limited intellect, minimal educational achievement and is self-centered and defensive on these accounts.

Immediately before trial and based on the foregoing, Ashley's attorney moved for a mental examination on the court's order. While not so delineated, the motion must necessarily be construed as one for a competency hearing because the examination would only have been warranted as an adjunct to such a hearing. In his point contesting the failure of the trial court to order

the competency hearing and the associated examination Ashley contends, in effect, that reasonable cause existed for the trial judge to believe, first, that Ashley was then suffering from a mental disease or defect and, second, that such condition was likely to impair Ashley's fitness to proceed to a degree that it was error not to conduct a hearing on the issue in accordance with § 552.020(2), RSMo 1978.

No firm rule controls the determination of when a competency hearing is required. Rather, the cases depend on the particular facts of each. In *Briggs v. State*, 509 S.W.2d 154 (Mo.App.1974), the examination report finding Briggs to have a mental disease but also finding him competent to proceed was held to express irreconcilable contradictions in conflict and to require a hearing to determine mental fitness. In *Bryant v. State*, 563 S.W.2d 37 (Mo.banc 1978), the report similarly diagnosed mental illness and found the defendant able to stand trial, but the court, while approving the result in *Briggs*, distinguished *Bryant* as not requiring any hearing because of several factual differences including the absence of any recommendation for institutional treatment. In *State v. Moon, supra*, there was no prior examination or report, but the necessity for a competency hearing was premised on the defendant's prior conduct suggesting mental problems and his bizarre behavior in the commission of the offense and in proceedings at trial. Although characterized by particular fact situations, each of these cases includes the common fact that the defendant was suffering from a mental disease or defect at some stage of the proceedings against him.

■ The present case does not present facts meeting the threshold requirement of a showing that Ashley was suffering from a mental disease or defect, a condition which must be demonstrated before the court has any duty to inquire into fitness of the accused to proceed. Ashley had exhibited no inappropriate or abnormal behavior and the medical reports describing "borderline functioning" do not purport to diagnose a condition of mental illness. More realistically,

the reports describe Ashley as of limited intelligence and educational resources. As was noted in *Bryant v. State, supra* at 44, the doubt which creates the necessity for a competency hearing is not doubt as to mental abnormality because those suffering from mental disease may yet be able to stand trial. A duty on the court to inquire into the accused's fitness to proceed assumes existence of mental disease or defect. The nature and extent of mental incapacity and associated factors are then examined to ascertain if they reasonably create doubt that a defendant so burdened can understand the charge and assist in the defense. The court is not obligated, as Ashley contends here, to conduct a competency hearing merely because the defendant claims the possibility that he may be suffering from mental impairment. The court did not err in overruling Ashley's motion for a mental examination.

Appellant next contends that he was erroneously denied an instruction submitting the lesser included offense of possession of marijuana. He bottoms this argument on the assumption that one may not be convicted of a sale of a controlled substance unless the substance is in the possession of the accused and is thus available for delivery to complete the sale. While this premise is transparently faulty in view of the definition of the offense by the offended statute, § 195.020, RSMo 1978, and the absence of restraints which otherwise limit the conditions of a commercial sale, *State v. Tierney*, 584 S.W.2d 618 (Mo.App.1979), it is unnecessary to determine what lesser offenses are included in a charge of sale of a controlled substance in this case.

■ Instruction on included or lesser offenses is required only where there is evidence to support a conviction of the lesser offense. *State v. Washington*, 357 S.W.2d 92, 95 (Mo.1962). The test of whether instruction on the lesser offense is required is whether the evidence shows that the defendant may be guilty of possession of marijuana even though he may not be guilty of the offense of selling. *State v. Arnall*, 603 S.W.2d 111 (Mo.App.1980).

In this case, Ashley's evidence was that he had no contact whatever, much less a commercial transaction, with the undercover officer Himmel, and that if any marijuana had been exchanged it was in the possession of the informant, Dale, and that Ashley had in no way participated. Where the defendant's evidence was that no crime occurred, there was no evidence in the case that the defendant merely had possession of the marijuana. *State v. Ingram*, 610 S.W.2d 395 (Mo.App.1980). No evidence therefore supported an instruction on possession. Ashley was guilty of the offense of selling or he was not guilty of any offense. There was no error in failing to instruct on a lesser offense.

In his next point, Ashley complains of improper closing argument by the prosecutor who commented on the societal effect which results when restricted drugs are unlawfully distributed and abusively used. He complains that the argument was inflammatory and prejudicial, that it was not supported by any evidence that use of marijuana produced such effects and that he was thereby denied a fair trial.

■ The record discloses that Ashley's attorney objected to the line of argument promptly after the prosecutor commenced and that the objection was sustained. No request was made of the court for any further relief and there was no motion for a mistrial. In general, where objection made to improper argument is sustained and no other relief is sought, an appellant, having secured from the trial court the relief asked, is in no position to complain of prejudicial error. *State v. Peck*, 429 S.W.2d 247, 251 (Mo.1968); *State v. Jackson*, 511 S.W.2d 771, 775 (Mo.1974).

■ In some cases, the argument may be so vicious or prejudicial that the trial judge should act on his own motion despite the lack of any motion by the aggrieved party asking a mistrial. *State v. Rhoden*, 243 S.W.2d 75 (Mo.1951). The case principally relied on by Ashley, *State v. Tiedt*, 357 Mo. 115, 206 S.W.2d 524 (banc 1947) is of this stripe. These authorities are of no aid

to Ashley, however, because the prosecutor's argument here not only possesses none of the vituperation and excess condemned in *Rhoden* and *Tiedt*, but was in fact well within the bounds of an appropriate plea for law enforcement.

A prosecuting attorney is generally permitted wide latitude in arguing to the jury the necessity for law enforcement, the prevalence of crime and the results if juries fail to uphold the law. *State v. Pruitt*, 479 S.W.2d 785, 790 (Mo.banc 1972). An argument that a jury must act to inflict punishment on sellers of illicit drugs is a plea for law enforcement and is permissible. *State v. Woodward*, 587 S.W.2d 287, 291 (Mo.App.1979). The argument in this case fell within the bounds of propriety and Ashley is not entitled to complain that the trial judge did not declare a mistrial sua sponte.

In his remaining points, Ashley complains of error in the failure of the trial court to sustain his objections to testimony by Officer Himmel recounting by hearsay the reputation of Ashley as a dealer in marijuana and his subsequent offer to Himmel of future supplies of drugs; in the receipt of the marijuana as an exhibit when a chain of custody had not been established; and a deficiency under the business records act which should have precluded the state's expert from identifying the exhibit substance as marijuana.

As to the hearsay objection, while Officer Himmel stated that information as to the availability of marijuana from Ashley did come to him from several unnamed persons at a local high school, the subject was opened on cross-examination when Himmel was asked how his investigation focused on Ashley. The questions propounded by the prosecutor on redirect examination were merely further inquiry into a subject injected into the case by the defense which had thus waived its right to object on hearsay grounds. *State v. Starr*, 492 S.W.2d 795, 800 (Mo.banc 1973). Moreover, the evidence here constituted an exception to the hearsay rule because it was not offered to prove the fact asserted but to explain the subsequent conduct of the person testifying. *State v. Houston*, 607 S.W.2d 183 (Mo.App.1980).

The complaint that testimony of Ashley's proposal to supply Himmel larger quantities of marijuana in the future and establish a regular business between them comes too late. The testimony was admitted at trial without objection, Ashley does not now (nor could he) allege plain error on the part of the trial court, and the point was therefore not preserved for appellate review. *State v. Graves*, 588 S.W.2d 495, 499 (Mo.banc 1979).

Ashley's assertion that no chain of custody as to the marijuana was shown by the state's evidence is not supported by the record. While the names of employees at the Regional Crime Laboratory who received the marijuana from Himmel and redelivered it to him were not given nor were the identities of those in charge at the laboratory and at the sheriff's office, the transfer of the contraband from point to point throughout was fully reported and documented. The state's evidence need not exclude every possibility of disturbed possession but is sufficient if the trial court finds a chain of custody to have been reasonably established. *State v. Hebb*, 595 S.W.2d 47 (Mo.App.1980).

The final contention that the state's witness from the criminalistics laboratory should not have been permitted to testify that the substance sold and delivered by Ashley to Himmel was marijuana because no foundation was laid under the business records act to receive the report is without any basis or substance. At the time the expert testified, Ashley lodged no objection either as to a qualified business record or on any other ground. On the authority previously cited, nothing is thereby preserved for appellate review. On a more fundamental ground, however, the contention is without validity. The expert witness had herself tested the sample submitted and determined it to be marijuana. Her testimony was as to the result of her own work and was unrelated to documents or records none of which were offered in

evidence under the business records act or on any other basis.

The judgment and sentence are affirmed.

All concur.