an enterprise he wishes to bring about, he becomes an aider and abettor. *State v. Castaldi*, 386 S.W.2d 392, 395[3] (Mo.1965). The evidence that the defendant was in the company of the eventual seller of the contraband at the outset of transaction, then directed the eventual purchasers of the contraband: "If you want the pot, follow *us* outside" [emphasis added], and then remained in the physical presence of the active actors until after the consummation of the exchanges, proves that he consciously assisted and encouraged the commission of the crime.

The judgment is affirmed.

All concur.

Movant contends on appeal that the trial court erred in denying his motion to vacate. He claims his trial counsel was ineffective for failing to secure certain witnesses' presence at trial and for failing to present a complete record on appeal.

The findings of fact of the trial court were not clearly erroneous. An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.

**Tafari HOUSTON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 44800.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Charles H. Billings, St. Louis, for movant.

John Ashcroft, Atty. Gen., Melinda A. Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from a City of St. Louis Circuit Court judgment denying his Rule 27.26 motion after an evidentiary hearing. The motion sought to vacate movant's conviction, after a jury trial, on two counts of robbery. The conviction was affirmed by this court on appeal. *State v. Houston*, 607 S.W.2d 183, 185 (Mo.App.1980).

**Claude MARRS, Plaintiff-Respondent,**

v.

**Gary R. TWITTY and Sharon K. Twitty, Defendants-Appellants.**

**No. 12332.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1982.

