STATE of Missouri,
Plaintiff-Respondent,

v.

Daniel Everett PITTMAN,
Defendant-Appellant.

No. 14326.

Missouri Court of Appeals,
Southern District,
Division Two.

June 4, 1987.

**44**

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald R. Cooley, Springfield, for defendant-appellant.

FRANK CONLEY, Special Judge.

Daniel Pittman, appellant herein, was charged by information filed January 4, 1985 with three counts of sodomy. Appellant was convicted after a trial by jury and sentenced to serve five years for Count I, five years on Count II, and ten years on Count III; sentences are to run concurrently.

Appellant does not question the sufficiency of the evidence to support his conviction. The record contains evidence to show that on or about the first part of March 1981, on or about June 2, 1981, and on or about August 5, 1981 defendant engaged in deviate sexual intercourse with a minor to whom the defendant was not married and who was then less than fourteen years old. Such constituted the offense of sodomy. § 566.060, RSMo 1978. The jury so found.

Appellant charges errors in connection 1) with the denial of two motions to appoint a special prosecutor, 2) with the overruling of defendant's motion for mistrial and objection upon admission of evidence of uncharged criminal acts, and 3) with the failure of the court to recuse itself after expressions of prejudice during the sentencing hearing. We find the rulings of the trial court were within the fair purview of the law and not an abuse of discretion. We find no errors which resulted in manifest injustice to the appellant.

I. Appellant charges error in the trial court's refusal to appoint a special prosecutor in that the prosecutor had a personal interest in securing a criminal conviction

based on her prior civil representation of the complainant and victim. The appellant contends failure to appoint a special prosecutor was reversible error in that it resulted in the denial of appellant's due process rights to a fair prosecution by an impartial prosecutor.

The facts relevant to this point are that prior to becoming prosecutor, Cynthia MacPherson represented the defendant's wife in a divorce action against the defendant. Contemporaneous with the civil action the wife was the complainant on criminal charges filed against the defendant. The criminal charges resulted in the conviction from which this appeal was taken. The civil action was finalized approximately four years prior to the criminal trial. During those intervening years Ms. MacPherson became the prosecuting attorney; it became her duty to continue the prosecution of criminal actions commenced prior to her tenure. Among those cases were the outstanding charges against Mr. Pittman. The appellant charges that the prosecutor proceeded against the appellant in a manner that differed from her prosecution of other defendants in that she utilized information gathered during the civil representation.

A special prosecutor may be appointed at the discretion of the trial court if the general prosecutor is disqualified. *State v. Newman,* 605 S.W.2d 781, 787 (Mo.1980). A prosecutor may be disqualified under § 56.110, RSMo, which states in part:

"If the prosecuting attorney ... be interested ... in any case where such employment is inconsistent with the duties of his office ... the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause."

A prosecuting attorney who has a personal interest in the outcome of a criminal prosecution such as might preclude his according the defendant the fair treatment to which he is entitled should be disqualified from the prosecution of such a case. *Vaughan v. State,* 614 S.W.2d 718, 724 (Mo.App.1981); *State v. Harris,* 477 S.W.2d 42, 44–45 (Mo.1972).

In the case at bar the lapse of four years between the finalization of the civil representation and the prosecution is significant. The appellant relies on *Ganger v. Peyton,* 379 F.2d 709, 714 (4th Cir. 1967), where the court held that the prosecutor should have been disqualified for representing the wife in a divorce action at the same time he was prosecuting the husband. This case can be distinguished on the facts. The opinion in *Ganger* suggests that the prosecutor had offered to drop the criminal charges if the defendant would agree to a property settlement with the wife. Id. at 711–712. However, adverse concurrent civil representation and criminal prosecution is not necessarily conclusive as to necessitate an appointment of a special prosecutor. In *State v. McMikle,* 673 S.W.2d 791, 798 (Mo.App.1984), this court found no inconsistency with the duties of his office where a prosecuting attorney who proceeded against the defendant on bad check charges also represented a foreign judgment creditor against the defendant at the same time.

Further, the appellant charges that the prosecutor's investigation file contained only the file documents gathered during the civil representation of the wife. There is nothing in the record that would support the allegation that the prosecutor had any information to which she would not be entitled through the auspices of her office or through a cooperative complainant.

The civil action was finalized; the appellant's wife was no longer the prosecutor's private client at the time of the trial. The appellant fails to show that the prosecutor had a personal interest in securing a criminal conviction based on her prior civil representations of the complainant that denied the appellant a fair trial. The prosecutor had no personal interest such as would mandate the trial court to disqualify the prosecutor and appoint a special prosecutor. We find no abuse of discretion in the denials of both motions to disqualify the prosecutor.

II. The appellant charges the trial court erred in overruling defendant's motion for

mistrial and objection to evidence of uncharged criminal acts by the defendant for the reason that such evidence promotes a finding of guilt upon crimes not charged and denies defendant his right to due process.

The first component of this point regarding the denial of the motion for mistrial relates to the testimony given during direct examination of the appellant's former wife. The record reveals the following:

Prosecutor: Were you frightened of your husband?

Wife: Yes, I was.

Prosecutor: Why is that?

Wife: Because I was a victim of spouse [sic] abuse.

Objection was then made and sustained; the jury was instructed to disregard both the last question and answer. A motion for mistrial was denied.

The appellant complains that both the "lead in" question and answer as well as the actual question and answer objected to should have been included in the admonition to disregard given to the jury. The "lead in" question and answer were asked and answered without objection. Where testimony complained of by a defendant was admitted without objection, the issue of its admissibility is not preserved for appellate review. *State v. Graves*, 588 S.W.2d 495, 499 (Mo. banc 1979); *State v. Ashley*, 616 S.W.2d 556, 561 (Mo.App.1981). Where admission of testimony complained of is not assigned as error in a motion for new trial, it also is not preserved for appellate review. *State v. McCrary*, 621 S.W.2d 266, 272 (Mo. banc 1981); *State v. Doney*, 622 S.W.2d 227, 230 (Mo.App.1981). Therefore, the only standard for review on appeal is plain error. Rule 29.12(b), V.A.M.R. (1978).

In reviewing the entire record we do not find the "lead in" question and answer would so prejudice the minds of the jury as to deny the defendant a fair trial in the light of substantially similar testimony solicited by the defense counsel from the witness during cross-examination.

A second component of error is charged in that the trial court overruled the appellant's motion for a mistrial after a proper objection had been raised to evidence of uncharged criminal acts which had been heard by the jury. A criminal defendant has the right to be tried only for the crime or crimes with which he is charged. *State v. Wright*, 582 S.W.2d 275, 277 (Mo. banc 1979). Appellate review of refusal to grant a mistrial is limited to determination of whether, as a matter of law, the trial court abused its discretion. *State v. Jones*, 578 S.W.2d 286, 288 (Mo.App.1979). We now address the issue of whether an abuse of discretion can be found in the trial court's denial of the motion for mistrial.

Upon admission of improper evidence into a case, if it is promptly stricken by the court and the jury is instructed to disregard it, the reviewing court, in order to hold the failure to grant a mistrial was reversible error, must determine and conclude as a matter of law from the entire record that the error was prejudicial and so impressive that its effect was not removed by the action of the trial court. *State v. Petrik*, 550 S.W.2d 613, 616 (Mo.App.1977); *State v. Harris*, 535 S.W.2d 145, 150 (Mo.App.1976).

The record reveals that appellant's counsel elicited testimony from the state's witnesses which generally and specifically described similar conduct on the part of the defendant. Further, the scope of the rebuttal testimony offered to discredit the defendant's testimony eclipses any prejudicial inferences that the jury could have gathered from the exchange to which the appellant objected.

Granting a mistrial rests in the sound discretion of the trial judge who is in a better position than an appellate court to evaluate the request for a mistrial. *State v. Camper*, 391 S.W.2d 926, 928 (Mo.1965); *State v. Csolak*, 571 S.W.2d 118, 125 (Mo.App.1978). Declaration of a mistrial is a drastic remedy to be granted only when the incident complained of is so grievous that its prejudicial effect cannot be removed in any other manner. *State v. Rapheld*, 587 S.W.2d 881, 893 (Mo.App.1979). We do not

find the denial of a mistrial to be an abuse of discretion which amounted to manifest injustice.

The appellant further complains that the prosecution was allowed to present rebuttal testimony which contradicted the appellant's testimony given during cross-examination. During cross-examination of the appellant the following occurred:

Prosecutor: The truth was that you beat her up?

Defendant: That is not the truth.

[The record shows that no objection was made to this question and answer.]

Prosecutor: You didn't beat your wife up and leave her eyes black?

An objection was made that the question was calculated to suggest the appellant had committed an uncharged crime. The court overruled the objection and allowed the appellant to answer. His answer was, "No, I did not."

Section 546.260, RSMo 1978, provides, in part:

[that a defendant in a criminal case who testifies in his own behalf] "shall be liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case".

In interpreting this statute our courts have held the cross-examination "is not confined to a categorical review of the matters covered or stated in the direct examination, but that cross-examination may cover all matters within the fair purview of the direct examination." *State v. Williams*, 519 S.W.2d 576, 578 (Mo.App. 1975).

During direct examination the record shows extensive testimony by the defendant as to his good acts for his family and his community. The defendant testified as to his opinion of the general character of his relationship with his wife; on cross-examination the prosecutor questioned the appellant about specific acts of misconduct occurring during their relationship. "[I]f the defendant refers to a subject in a general way on direct examination, he may be cross examined in detail about that subject, and '[w]hen he states a fact in relation to his actions, the state may inquire as to particular circumstances which would throw light on that fact'." *State v. Black*, 587 S.W.2d 865, 878 (Mo.App.1979) (quoting *State v. Williams*, 519 S.W.2d 576, 578 (Mo.App.1975)).

 Having testified in his own behalf, a defendant may be cross-examined about the matters he testified to on his direct examination and he may be contradicted and impeached as any other witness. *State v. Black*, 587 S.W.2d 865, 878 (Mo. App.1979). Specific acts of either misconduct or immorality, which may or may not have been the basis of a conviction, may be shown if the specific misconduct discredits the veracity of the witness. *State v. Williams*, 492 S.W.2d 1, 7 (Mo.App.1973); *State v. Ford*, 623 S.W.2d 574, 575 (Mo. App.1981).

 The defendant testified about his home life and his treatment of his family. On cross-examination the prosecutor is allowed to follow up on those assertions and, in good faith, try to impeach the defendant's credibility. In considering the testimony, we find the admitted testimony did not result in the denial of a fair trial. No other objections were raised to the testimony regarding uncharged criminal acts by the appellant. The issue of admissibility is not preserved for appellate review where the testimony complained of was admitted without objection. *State v. Graves*, 588 S.W.2d 495, 499 (Mo. banc 1979); *State v. Ashley*, 616 S.W.2d 556, 561 (Mo.App.1981). Plain error is the standard of review. Rule 29.11(d), V.A.M.R.

We find upon examination of the trial court record that the questions posed by the prosecutor and allowed by the trial court over objection of the defendant's counsel to be within the fair purview allowed under § 546.260, RSMo 1978; V.A. M.S. Const. art. I, § 8.

 III. Finally the appellant would have us find error in the trial court's failure to recuse itself from the trial due to the court's self-acknowledged prejudice

against the appellant during the sentencing hearing. A court acts improperly in a criminal proceeding if the trial court's conduct prejudices the minds of the jury against the defendant thereby depriving him of a fair and impartial trial. *State v. Puckett,* 611 S.W.2d 242, 244 (Mo.App.1980). The record is void of any statements or ruling made by the court during the trial which operated in any manner to deny the defendant a fair and impartial trial. Absolute impartiality, both in speech and conduct, is not only expected, but is demanded of a trial judge. *State v. Green,* 613 S.W.2d 182, 183 (Mo. App.1981).

■ During the sentencing hearing, approximately six weeks after the trial, the trial court admitted difficulty in setting aside personal feeling [against the defendant] and stated to the defense counsel:

"[P]erhaps in over compensating, ... for my own feelings against your client, I'm going to go along with what you asked for ... [regarding the terms of the sentence]."

Where a court responds to a defense counsel's plea for mercy and sentences the defendant to the sentence requested by the defense counsel, it is difficult, if not impossible, to find prejudice. The prosecutor argued for consecutive sentences; the defense counsel asked for the imposition of only one of the lesser terms recommended by the jury or alternatively, for the sentences to run concurrently. The defendant received the sentence recommended by the jury; the trial court set the sentences to run concurrently.

■ The standard for determining whether a trial court has acted improperly in a criminal proceeding is if the trial court's conduct is such as to prejudice the minds of the jury against the defendant. *State v. Puckett,* 611 S.W.2d 242, 244 (Mo. App.1980). We find no ruling or conduct by the trial court which operated to deny the defendant a fair trial by an indication of judicial partiality before the jury.

We deny each point appealed and find no error which would rise to an operation of manifest injustice against the appellant.

The trial court's verdict and sentence is affirmed.

PREWITT, C.J., MAUS and CROW, JJ., and GARY A. FENNER, Special Judge, concur.