Daniel **PITTMAN**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 16023.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 22, 1989.

Charles E. Brown, Gainesville, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant Daniel Pittman guilty of three counts of sodomy. He was sentenced to imprisonment for terms of five years, five years and ten years, to run concurrently. His convictions and sentences were affirmed on appeal. *State v. Pittman*, 731 S.W.2d 43 (Mo.App.1987).

His motion under Rule 27.26[1] to set aside those convictions and sentences was denied after an evidentiary hearing. He appeals from that denial.

The following is the movant's sole point on appeal. "The hearing court erred in finding, as a matter of law, that appellant had been adequately represented by trial defense attorney." This point presents nothing for appellate review. Movant's appeal is properly denied on that basis. *Forshee v. State*, 763 S.W.2d 352 (Mo.App.1988).

Moreover, consideration of the record and movant's argument does not aid him. The only assertion in his motion and in the evidence that even approaches a ground for relief is his counsel's failure to interview and call certain witnesses. Movant testified he gave the names of several potential witnesses. He also said that "A. ... The relatives who were with me, who were expecting to testify, were told, 'Don't worry about it. We'll get to you tomorrow.' ...." The underlying criminal case was a one-day trial presided over by circuit judge A.F. Turner.

Counsel testified concerning his preparation. He stated that he interviewed the possible witnesses known to him or explained why he did not. He categorically denied the above assertions of movant.

Movant's testimony also included the following. "A. ... Al Turner did call me at my home and asked me to run his campaign, ...." Judge Turner denied this assertion. He added, "A. ... I might possibly have talked to Mr. Pittman, but I wouldn't have been too interested in getting Mr. Pittman on board with my campaign because he was a relatively newcomer there...." The motion court was entitled to reject the testimony of movant. *Thomas v. State*, 759 S.W.2d 622 (Mo.App. 1988).

The motion court found that movant's able and experienced "defense counsel effectively and aggressively represented him...." That finding is supported by the record. The judgment of the motion court is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.

---

1. Movant's sentence was pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Post-conviction relief is governed by the provisions of former Rule 27.26.