**STATE of Missouri, Respondent,**

v.

**Donald COSTELLO, Appellant.**

**Donald COSTELLO, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59093, 60204.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 20, 1992.

Application to Transfer Denied
June 2, 1992.

Melinda Kay Pendergraph, Columbia, H. Wilson Gray, Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Donald Costello, appeals from his jury trial conviction in the Circuit Court of the City of St. Louis of robbery in the first degree, RSMo § 569.020 (1986), for which he was sentenced, as a Class X offender, to twenty years' imprisonment. Appellant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Appellant and the victim, David Lampkin, had met while they were both working for Wings Construction Company, where appellant was hired to install doors and windows. As the victim desired the installation of some doors in his own home, he asked appellant if he would be willing to do the work for him. Appellant agreed.

Appellant began working on the victim's home on March 8, 1989, and continued working until March 11. The victim testified that, with the exception of March 11, victim paid appellant forty dollars at the end of each day. On March 11, the victim paid appellant fifty dollars.

On the evening of March 11, appellant returned to the victim's home. The victim testified he and his wife had gone to bed at approximately 9:00 that evening, but were disturbed when the doorbell rang. The victim got up to answer the door and found appellant there with an unknown individual. Appellant asked the victim if he could borrow forty dollars and the victim went into the bedroom to retrieve the money. When he returned to give appellant the money, the other individual pointed a gun at the victim.

A struggle ensued between appellant, the victim and the unknown individual. During the struggle, the unknown individual picked up a large cigarette ashtray and hit the victim in the head with it. The victim struggled to his feet, ran out the front door and stopped a nearby police car for assistance. The victim's wife, meanwhile, called the police from the bedroom telephone. By the time the police arrived, appellant and the unknown individual had fled and taken the victim's wallet with them.

Appellant was indicted on October 13, 1989, on a charge of robbery in the first degree. On April 3, 1990, an information, in lieu of indictment, was filed charging appellant as a Class X offender. The cause went to trial on August 13, 1990, and, on August 15, 1990, the jury returned its verdict finding appellant guilty of robbery in the first degree. On September 28, 1990, appellant was sentenced as a Class X offender, to twenty years' imprisonment.

On January 16, 1991, appellant filed a timely Rule 29.15 motion. A timely amended motion was filed on March 28, 1991. On April 9, 1991, the motion court issued a memorandum opinion and order, denying appellant's 29.15 motion without an evidentiary hearing. This appeal followed.

■ Appellant first contends that the trial court erred in failing to permit appellant's ex-wife, Cecelia Selfe, to testify that she knew the victim had not paid appellant on the 11th and that appellant went over to the victim's house to collect the money owed. The trial court kept the above statements out of evidence on hearsay grounds. Appellant contends on appeal that the statements were admissible because they were offered, not to prove the matters asserted in them, but to explain appellant's subsequent conduct. We find no error.

■ While it is true that testimony offered to explain subsequent conduct rather than to prove the truth of facts in another party's statement is not inadmissible hearsay, *State v. Leisure,* 796 S.W.2d 875, 880 (Mo. banc 1990), this rule only applies where the statement of a third party is offered to explain the subsequent conduct of another. *State v. Houston,* 607 S.W.2d 183, 185 (Mo.App., E.D.1980); *State v. Jordan,* 751 S.W.2d 68, 75 (Mo.App., E.D. 1988). Thus, the statement "Pamela told me to run, that Ronald was going to kill me," while not admissible to show "Ronald" was going to kill the witness testifying, is admissible to prove why the witness ran. *Jordan,* 751 S.W.2d at 75. On the other hand, the answer to the question posed in the present case, "did he tell you he was going over there to collect money that Mr. Lampkin owed him?" clearly

would not fit the exception; the answer had only one purpose—to prove that the reason the defendant went over to the victim's home was to collect money owed to him—the truth of the matter asserted therein. As hearsay, the evidence was not admissible and the trial court did not err in refusing to admit it.

Next, appellant contends that the motion court erred in denying appellant's Rule 29.15 motion without an evidentiary hearing because appellant's trial counsel failed to locate and produce certain witnesses at trial. We disagree. Our review is limited to determining whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *State v. Stallings*, 812 S.W.2d 772, 778 (Mo.App., E.D.1991); Rule 29.15(j). To be entitled to an evidentiary hearing on a post-conviction relief motion, movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Id.* at 778–79. As noted above, appellant contends that his trial counsel was ineffective in failing to produce certain witnesses at trial. The testimony that appellant contends these witnesses would have provided falls within two classes: 1) evidence that appellant surrendered himself to police; and 2) evidence that customers usually paid appellant at the completion of a job and not at the end of a working day. The trial court found that these two classes of testimony were irrelevant to any issues in the case and the exclusion of the witnesses was clearly a matter of trial strategy. We agree with the motion court in this conclusion. The probative value, if any, of the evidence these witnesses would have presented is so minimal that the failure of movant's trial counsel to present their testimony to the jury can hardly be said to be even remotely prejudicial to the movant's defense. Point denied.

Appellant's final claim on appeal is that the trial court plainly erred in giving an instruction that defined reasonable doubt as proof which leaves the jury "firmly con-

vinced" of a defendant's guilt. This argument has been rejected on innumerable occasions in the past and we see no reason to thicken this volume of the South Western Reporter with what would amount to just one more case rejecting his argument. We, therefore, deny this point on appeal pursuant to Rule 30.25.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.