**STATE of Missouri, Respondent,**

v.

**Steven Carl McWHIRTER, Appellant.**

**No. WD 51934.**

Missouri Court of Appeals,
Western District.

Dec. 17, 1996.

6.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David G. Brown, Assistant Attorney General, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Defendant Steven McWhirter was charged with criminal non-support. A jury found him guilty of the offense and he was sentenced to prison. Mr. McWhirter appeals, alleging that the trial court erred in (1) denying his motion to disqualify the prosecutor for a conflict of interest and (2) overruling his objection to a witness' unresponsive answer. Finding no plain error in either of the trial court's rulings, we affirm.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

In May 1991, Mr. McWhirter and Terri Wright divorced after fifteen years of marriage. Before dissolving their marriage, they entered into a written agreement providing for the custody and support of their two sons. Ms. Wright was given primary physical custody of the boys and Mr. McWhirter was given visitation rights and required to pay child support. Mrs. McWhirter was represented in the divorce by attorney Donald Stouffer.

Mr. McWhirter soon fell behind in his child support payments and Child Support Enforcement referred the matter to the Saline County Prosecutor. Mr. Stouffer was prosecutor at the time of the referral. Accordingly, in July 1994, Mr. Stouffer charged Mr. McWhirter with criminal non-support under

§ 568.040, RSMo 1994. Mr. McWhirter alleged that Mr. Stouffer's prior representation of his wife in the dissolution proceeding created a conflict of interest which required Mr. Stouffer to disqualify himself as prosecutor.

When Mr. Stouffer refused to disqualify himself, Mr. McWhirter filed a motion asking the court to disqualify Mr. Stouffer and to appoint a special prosecutor. At a hearing on the motion the prosecutor presented evidence that he had not represented Mr. McWhirter's ex-wife since the dissolution four years earlier, that he did not have a personal interest in the outcome of the case, that he had no access to confidential information as a result of his prior representation, and that the case was referred to him by Child Support Enforcement, not by the spouse whom he had previously represented.

Following the hearing, the judge found that the record did not support the inference that Mr. Stouffer had access to confidential information about Mr. McWhirter or that he had an interest in the case which required his disqualification. Mr. Stouffer proceeded as prosecutor. The jury returned a guilty verdict. No motions for acquittal or new trial were filed. The court sentenced Mr. McWhirter, in accordance with the jury's recommendation, to one year and nine months in prison. This appeal followed.

## II. *DISCUSSION*

Mr. McWhirter does not contest the sufficiency of the evidence to support his conviction. He alleges that the trial court erred in denying his motion to disqualify Mr. Stouffer and in overruling his own counsel's objection to an allegedly non-responsive answer offered by Mrs. McWhirter while being cross-examined by the prosecutor.

Mr. McWhirter concedes that because he did not allege these errors in a motion for new trial we can review only for plain error. *See State v. Gray,* 887 S.W.2d 369, 387 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995). Plain error is error which so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if it is not corrected. *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991).

For the reasons set out below, we do not find plain error here.

A. The Trial Court's Denial of the Motion to *Disqualify Did Not Constitute Plain Error.*

■ Mr. McWhirter argues that Mr. Stouffer should have been disqualified because allowing him to prosecute creates an appearance of impropriety and creates a risk of improper conduct. In support, he cites us to Rule 1.11 of Supreme Court Rule 4, which sets out the Rules of Professional Conduct for attorneys. As he notes, it prohibits a prosecutor or other public official from participating in a "matter" in which the prosecutor participated "personally and substantially" while in private practice, stating:

> Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:
>
> (1) *participate in a matter in which the lawyer participated personally* and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter;
> . . .

Rule 1.11(c) of Rule 4 (emphasis added).

■ We disagree with Mr. McWhirter's contention that Rule 1.11 applies here. The Rules of Professional Conduct provide guidelines by which members of the legal community, including prosecuting attorneys, regulate themselves through the disciplinary mechanisms of the bar. Rule 4, Preamble on Scope. Rule 1.11 does not direct prosecutors to disqualify themselves every time they participated in prior litigation in which the defendant was a party; it requires disqualification only if, while still in private practice, they participated in the particular matter that they are now called on to prosecute. While Mr. Stouffer represented Mr. McWhirter's wife in her earlier dissolution action against her husband, that dissolution action is separate and distinct from the cur-

rent action for criminal non-support. Thus, no violation of Rule 1.11 occurred.[1]

■ A rule similar to but broader than Rule 1.11 is set out in Section 56.110, RSMo 1994. That section states in relevant part that the trial court may disqualify a prosecutor "[i]f the prosecuting attorney ... be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office." *Id.*

■ In applying Section 56.110 the courts have stated that a prosecutor should be disqualified if the prosecutor has a personal interest in the outcome of the criminal prosecution which might preclude affording defendant the fair treatment to which defendant is entitled. *State v. Pittman*, 731 S.W.2d 43, 46 (Mo.App.1987). A prosecutor will also be disqualified if the prosecutor has access to privileged information that might be used to the defendant's detriment. *State v. Wacaser*, 794 S.W.2d 190, 196 (Mo. banc 1990). We review the judge's determination that disqualification was not required for an abuse of discretion. In the absence of such an abuse of discretion, the judge's ruling will be affirmed. *Wacaser*, 794 S.W.2d at 196; *Pittman*, 731 S.W.2d at 46.

*Pittman* and *Wacaser* provide excellent guidance in how to apply these principles. Indeed, the facts of *Pittman*, 731 S.W.2d at 46, are almost on all fours with this case. In *Pittman*, as here, the prosecutor had represented the defendant's spouse in a dissolution proceeding four years before prosecuting him on criminal charges. The defendant claimed that the prosecutor proceeded against him in a manner different from her prosecution of other defendants because she used information gained in the dissolution proceeding.

*Pittman* rejected his claim. In support, it noted that the dissolution proceeding had been finalized and the attorney-client relationship with defendant's wife had been terminated long prior to the time that the criminal prosecution was brought. Further, husband was unable to demonstrate that the prosecutor had any continuing personal interest in the case or that he had gained any relevant privileged information as a result of his earlier representation of the wife in the dissolution proceeding. For this reason, *Pittman* held that the trial court did not abuse its discretion in denying the defendant's motion to disqualify.

*Wacaser* dealt with a similar allegation of conflict of interest. In that case the regular prosecuting attorney disqualified himself because he had been involved in the defendant's dissolution proceeding. However, the special prosecutor appointed in his stead had himself briefly served as a judge in the dissolution proceeding and had entered an interlocutory order in that proceeding. The judge then left the bench and began working for the law firm that represented the defendant in the dissolution, although he apparently did not work on the dissolution itself. Some years later, he was then appointed as special prosecutor in a criminal proceeding involving the alleged murder of the children of the dissolved marriage by the defendant wife.

Defendant moved to disqualify the special prosecutor on the basis of the prior representation. In rejecting the defendant's claim that the special prosecutor should have been disqualified, the Court stated:

A prosecutor is not necessarily ineligible because he does not like the defendant. It goes without saying, however, that a prosecutor should not serve if he has access to

1. We note that, while no prior Missouri cases have stated that violation of Rule 1.11(c) entitles the defendant to a new trial, prior cases have held that violation of a similar canon governing judicial conduct entitles a civil litigant, including a person moving for post-conviction relief, to a new trial. *See, e.g., State ex. rel. Wesolich v. Goeke*, 794 S.W.2d 692 (Mo.App.1990) (judge must disqualify himself or herself where required to do so under Canon 3 of the Code of Judicial Conduct); *Grant v. State*, 700 S.W.2d 170, 171 (Mo.App.1985) (judge who had previously served as counsel on prior post-conviction motion was required to recuse himself even if defendant did not apply for change of judge).

Because we find that Mr. Stouffer did not violate Rule 1.11, we need not determine whether these same principles apply when a prosecutor has failed to disqualify himself or herself, or whether, as the State argues, a prosecutor's violation of a disciplinary rule, is, in and of itself, relevant only to the issue of discipline of the prosecutor and does not provide a basis for relief to the defendant.

privileged information which might be used to defendant's detriment. Here the trial judge held a hearing and found that there was no evidence that the special prosecutor possessed any information in this category. We are unable to say that disqualification was necessary on the record before us.

*Wacaser,* 794 S.W.2d at 196.

Here, as in *Wacaser* and *Pittman,* the trial judge did not err in denying the motion to disqualify the prosecutor. The trial judge held a hearing on the motion, as in *Wacaser,* and determined, based on the evidence adduced at that hearing, that Mr. Stouffer had no continuing relationship with Mrs. McWhirter, that he had no personal interest in the outcome of the case, and that he had no access to confidential information as a result of his prior representation. He therefore exercised his discretion and overruled the motion to disqualify. We do not believe that this was error, let alone plain error.

### B. Only the Party Questioning the Witness May Object That *the Answer Is Non–Responsive.*

■ Mr. McWhirter also alleges that the trial judge committed plain error in overruling his counsel's objection that an answer given to a question asked by the prosecutor was "unresponsive."

Mr. McWhirter directs the court to no authority, in Missouri or elsewhere, that suggests that he has a right to object when his witness' answer is not responsive to the other party's question. He suggests that the right to make such an objection is so obvious that it simply has not been discussed.

We disagree. While we are not aware of Missouri cases addressing this specific issue, other courts and commentators have done so. Professor McCormick, for instance, states that "[t]he mere fact that the answer is unresponsive is not an objection available to the opponent. The objection is only available to the questioner, who may move to strike." McCormick on Evidence § 52, at 201 n. 6 (John W. Strong, gen. ed., 4th ed. 1992) (citations omitted). Professor Wigmore goes so far as to state that even the party who has asked the question should not be permitted to object to the answer solely on the basis that it is unresponsive. Rather, he says, "if the answer gives an admissible fact, it is receivable, whether the question covered it or not. No party is owner of facts in his private right." 3 Wigmore, Evidence § 785, at 201 (James H. Chadbourn rev. 1970).

Courts in other jurisdictions have agreed that one who is not the questioner cannot object that the answer to someone else's question was unresponsive. Some hold that only the questioner can make the objection, *see, e.g., Davidson v. State,* 211 Ala. 471, 100 So. 641, 643 (1924); *Moschetti v. City of Tucson,* 9 Ariz.App. 108, 449 P.2d 945, 950 (1969); *Giltner v. Stark,* 219 N.W.2d 700, 710 (Iowa 1974), while other courts agree with Wigmore and state that "the failure to strike a non-responsive answer becomes error only when, beyond being non-responsive, the answer is inadmissible on other grounds." *State v. Farris,* 420 A.2d 928, 931 (Me.1980). *See also* cases cited in 75 Am.Jur.2d *Trial* § 396 (1991); 88 C.J.S. *Trial* § 113, at 227–28 (1955).

The rationale for not allowing opposing counsel to object that an answer was unresponsive is clear. It should be left up to the questioner to decide whether an answer is adequately responsive to his or her question. The questioner has the right to control the flow of his or her own questioning. The failure to get a responsive answer hurts only the questioner. It does not hurt opposing counsel unless the unresponsive answer is also objectionable for another reason, such as irrelevance or hearsay. In such cases, opposing counsel can object based on the specific reason. No additional benefit would arise from also allowing opposing counsel to object on the general ground that the answer was unresponsive.

For these reasons the judgment is affirmed.

All concur.